# REYNOLDS vs. CROOK.

[BILL IN EQUITY BY BENEFICIARIES OF TRUST DEED TO ENJOIN SALE OF PROPERTY
UNDER EXECUTION AGAINST GRANTOR.]

1. *Validity of deed of trust for indemnity of sureties.*—A deed of trust on slaves,
executed by the guardian of several minors under fourteen years of age,
who was in embarrassed circumstances, for the indemnity of the sureties
on his bond; providing that the property shall remain in the possession of
the grantor until the happening of the contingencies on which a sale is
authorized; and authorizing the trustee to proceed to sell the property, on
the written request of the four sureties, their agents or attorneys, after the
grantor had committed a breach of his bond, and had failed to save his
sureties harmless,—is void on its face, (Code, § 1550,) as against the
grantor's creditors.

APPEAL from the Chancery Court of Benton.

Heard before the Hon. WADE KEYES.

THIS bill was filed by James M. Crook, James F.
Grant, James A. McCampbell, and George C. Whatley,
against Walker Reynolds, Samuel P. Hudson and others;
and sought to restrain the sale of certain slaves, on which
an execution in favor of Reynolds against Hudson had
been levied by the sheriff, and which Hudson had previ-
ously conveyed by deed of trust to one L. W. Cannon, to
indemnify the complainants against liability as his sure-
ties on a guardian's bond; also, to have the deed of trust
"established and made effectual," the negroes sold under
an order of court to prevent waste and loss, and for other
and further relief as the circumstances of the case might
require.

The judgment in favor of Reynolds, against Hudson, which was rendered on the 10th May, 1855, was for $4,596 95, besides costs. The deed of trust which the complainants sought to have established, was executed on the 18th April, 1855, was acknowledged and recorded on the third day after its execution, and conveyed twelve slaves to the trustee, "for the uses and purposes, and under the express stipulations following—that is to say: The property herein mentioned and conveyed is to remain in the possession of the said S. P. Hudson, and for the use thereof the said Hudson is to keep and provide for the same as if it were really his own, until hereinafter provided; that if the requirements of said bond shall not be fully complied with, and the said Hudson fail to save his said sureties harmless whenever they, their agents or attorneys, shall request the said L. W. Cannon, in writing, to proceed in the execution of the trust herein reposed in him, he, the said L. W. Cannon, shall, immediately upon such request being made, take possession of said property, and shall sell the same, under the following restrictions—viz., after advertising the said property for thirty days in the *Jacksonville Republican,* and sell the same, at public outcry, before the courthouse-door in the town of Jacksonville, to the highest bidder, for cash; which property the said Hudson agrees to deliver up when called for; and the proceeds of said sale, made as aforesaid, the said Cannon is authorized to pay, first, to the expenses attending the taking and authenticating of this deed, and then pay to the said sureties a sufficient amount to fully indemnify them for all they may have paid for said Hudson on said bond, together with all costs and interest thereon, and the remainder, if any, shall remit to the said Hudson; and the said Cannon, trustee as aforesaid, is hereby authorized to convey to the said purchaser or purchasers, or to his or their agents or attorneys, what right may remain in said Hudson to said property. But, if the said Hudson shall in good faith comply with the requirements of said bond, and fully discharge the obligations therein contained, and save his said sureties harmless, as the same may be required of him; then this obligation

to be null and void, and the right of said property herein mentioned to remain in the said S. P. Hudson."

The chancellor overruled a demurrer to the bill for want of equity, and rendered a final decree in favor of the complainants, which is now assigned as error.

JAMES B. MARTIN, for the appellants.

ALEX. WHITE, and GEO. C. WHATLEY, contra.

RICE, C. J.—From the bill and exhibits it appears, that in February, 1854, Samuel P. Hudson was appointed guardian of five children of a decedent, all of whom were under fourteen years of age; that he entered into bond, with the complainants—four in number—as his sureties, in the penal sum of twelve thousand dollars, conditioned for the performance of his duties as such guardian; that on the 18th day of April, 1855, he "became embarrassed in his circumstances, and, being desirous of indemnifying and saving complainants from any loss as his sureties as aforesaid, executed for that purpose a deed of trust," which was duly recorded on the 21st of April, 1855, and a copy of which is set forth in exhibit B to the bill; that on the 10th of May, 1855, Walker Reynolds recovered a judgment in the circuit court of Talladega, for $4596 95, besides costs of suit, against Moore, Terry, Wyly, and the said Hudson, all of whom are respondents; that execution issued under said judgment, and in August, 1855, was levied on all the slaves conveyed by said deed; that at the filing of the bill, in September, 1855, Hudson was "largely indebted and embarrassed in his pecuniary circumstances," and had "made several deeds of trust for the security of his creditors, by which he had conveyed all his property, both real and personal, to provide for the payment of his debts; and that the property so conveyed was not more than sufficient to pay the debts thus secured," and complainants "knew of no means or property belonging to said Hudson to which they could look to indemnify themselves against their liability as his sureties on the said guardian bond, except the property conveyed for that purpose" by the deed of trust set forth in exhibit B to

the bill. The complainants found their right to relief upon the deed of trust last above mentioned, and pray for an injunction to restrain further proceedings under said levy; and that the indemnity, which they allege was designed for them by said deed, may be secured to them against said levy, &c.

The deed on which complainants here rely purports to provide indemnity for them, as the sureties upon said guardian's bond, by conveying twelve negroes—four women and eight children—therein described, to L. W. Cannon as trustee, upon certain trusts therein expressed; the first of which is, that the said negroes are to remain in the possession of the grantor, (the said Hudson,) not only until he shall commit a breach of his said guardian's bond, and shall fail to save his said sureties thereon harmless, but *afterwards and until* "his said *sureties*, or their *agents* or *attorneys*, shall request the said L. W. Cannon *in writing* to proceed in the execution of the trust" reposed in him by the deed.

We do not doubt that a valid conveyance of personal property, to provide indemnity for the sureties upon a guardian's bond, may be made.—Code, §§ 1283, 1291; Frow v. Smith, 10 Ala. R. 571; Hopkins v. Scott, 20 *ib.* 179; Hawkins v. May, 12 *ib.* 673. But, under section 1550 of the Code, which declares void, as to the creditors of the grantor, every conveyance of goods, chattels or things in action, made in trust for his use,—it is essential to the validity of a conveyance of chattels, to provide indemnity for sureties on a guardian's bond, as against the credititors of the grantor, that, at least, its *whole purpose* should be the devotion of the property *bona fide* to the indemnification of the sureties. If *a part of its purpose* is, that it shall avail or be used for the ease or favor of the grantor, it is void as to creditors. A provision in it, by which a sale is unreasonably postponed, and the grantor in the meanwhile to retain the beneficial enjoyment of the property, denotes a part of its purpose to be to secure a benefit to him. And an unexplained stipulation in it, for possession of twelve slaves by the grantor, not only until he should violate his duty as the guardian of five children

under fourteen years of age, commit a breach of his guardian's bond, and fail to save his sureties thereon harmless, but *afterwards and until* his sureties, (four in number,) or their *agents* or *attorneys*, should request the trustee *in writing* to proceed in the execution of the provisions of the deed,—is an express trust for the use of the grantor, within the meaning of section 1550 of the Code, and renders the deed void as against his creditors. Such a trust is expressed in the deed on which the complainants here found their right. If it had not been expressed, the law of this State, as it hath been since the Code went into effect, would not have implied it from the other provisions of the deed. And as it is expressed, the law, as it existed when the deed was made and now exists, will not tolerate it, when assailed by the creditors of the grantor. The nature and provisions of the deed now under consideration are materially different from those of the deed passed upon in Miller v. Stetson, at present term.—See Hodge v. Wyatt, 10 Ala. R. 271; Lockhart v. Wyatt, *ib.* 231; Grimshaw v. Walker, 12 *ib.* 101; Hardy v. Skinner, 9 Iredell, 191; Hafner v. Irwin, *ib.* 490.

It follows from what we have above said, that upon the facts stated in the bill, and the provisions of the deed on which the complainants found their claim to relief, the deed is void as against the creditors of the grantor; and that the chancellor erred in not sustaining the demurrer to the bill for want of equity. The decree of the chancellor is reversed, and a decree must be here entered, sustaining the demurrer, and dismissing the bill for want of equity. The appellees must pay the costs of this court, and of the court below.