(88 South. 659)

**STOLLENWERCK et al. v. FOURTH NAT. BANK OF MONTGOMERY.**
(3 Div. 488.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Fraudulent conveyances ⬅110(1)—Assignment of anticipated dividends from bankrupt estate held void as to creditor.**

An assignment to a creditor of anticipated dividends from the estate of a bankrupt was void, under Code 1907, § 4287, as to other creditors, where there was a separate, secret, and contemporaneous agreement whereby a valuable benefit was reserved to the assignor.

**2. Fraudulent conveyances ⬅110(5)—Assignment reserving benefits held void as to creditor.**

An assignment to a creditor of anticipated dividends from the estate of a bankrupt was void as to other creditors under Code 1907, § 4287, where assignee in a contemporaneous agreement "promises and agrees to so credit the said dividends (as payments on the assignor's note) and to use reasonable diligence in investing or causing said dividends to be invested in such a way as to bear interest and when the interest thereon has been collected shall pay over the said interest to the said Mrs. * * * (assignor) during her natural life."

**3. Fraudulent conveyances ⬅110(1)—Fraudulent intent held immaterial where secret reservation to assignor.**

Fraudulent intent is immaterial as to an assignment to a creditor which is void under Code 1907, § 4287, by reason of a right reserved to the assignor inconsistent with an absolute unconditional transfer.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Bill by the Fourth National Bank of Montgomery against Emma C. Stollenwerck and others, to declare an assignment void as to creditors, and to acquire money paid under it for the benefit of creditors. From a decree granting the relief, respondents appeal. Affirmed.

The assignment referred to is as follows:

"For value received, I hereby transfer, assign, and set over to Emma C. Stollenwerck, all my claims and demands of whatsoever kind that I have against the bankrupt estate of John L. Cobbs & Co., a partnership composed of C. C. Cobbs and J. Lewis Cobbs, as well as all my claims and demands of whatsoever kind against the individual bankrupt estate of C. C. Cobbs and J. Lewis Cobbs, which said estates are now being administered by the District Court of the United States for the Northern Division of the Middle District of Alabama, together with all my right and claim to any and all dividends that may be paid or become due to me on account of said claim in said bankruptcy proceeding; and I hereby authorize and appoint the said Emma C. Stollenwerck my agent and attorney in fact, to receive and re-

ceipt for all such dividends and to receive any and all checks or other evidences of debt that may be issued from the said bankrupt court, with full power and authority to indorse my name on such checks and other evidences of debt and collect the same, to the same extent as if I, myself, had made the indorsement."

The following is the agreement entered into by the parties:

"This agreement, entered into this 29th day of April, 1918, by and between Mrs. Emma C. Stollenwerck, party of the first part, and Mrs. D. E. Cobbs, party of the second part, witnesseth:

"Whereas, heretofore, the said Mrs. Emma C. Stollenwerck did loan to the firm of John L. Cobbs & Co. the sum of five thousand dollars ($5,000) evidenced by the promissory note of said firm, indorsed by the individual indorsements of J. Lewis Cobbs, and C. C. Cobbs, the members of that firm, as well as by the accommodation indorsements of E. E. Cobbs and the above-named Mrs. D. E. Cobbs; and,

"Whereas, on the 16th day of October, 1915, the said note and indorsements, with the interest notes, were renewed, and thereafter, during to wit, the month of March, 1916, the said John L. Cobbs & Co., as a partnership, and J. Lewis Cobbs and C. C. Cobbs, as individuals, filed their voluntary petition in bankruptcy in the District Court of the United States, at Montgomery, and were duly adjudicated bankrupts; and

"Whereas, the said Mrs. D. E. Cobbs had a claim against the estate of John L. Cobbs & Co., which said proceeding is now pending in said bankrupt court and which claim amounts to about thirty thousand ($30,000) dollars, and it is the desire of all parties that all dividends to be paid on the said claim be credited to the said Mrs. D. E. Cobbs on account of her indorsement aforesaid:

"Now, therefore, in consideration of the premises, and the sum of one dollar to each of the parties by the other in hand paid, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

"1. The said Mrs. D. E. Cobbs promises and agrees to assign and transfer to the said Mrs. Emma C. Stollenwerck all of the dividends on said claim, with full power to the said Stollenwerck to collect and receipt for same, and upon the receipt of any part or the whole of such dividends the same shall be ·credited on account of her obligations as an indorser on the above-mentioned note and the interest due thereon. And the said Mrs. Emma C. Stollenwerck hereby promises and agrees to so credit the dividends and to use reasonable diligence in investing or causing said dividends to be invested in such a way as to bear interest, and when the interest thereon has been collected shall pay over the said interest to the said Mrs. D. E. Cobbs during her natural life.

"It is understood and agreed that the said Mrs. D. E. Cobbs shall have no interest or ownership in said dividends to be received from said bankruptcy court, up to the full amount of said note and interest, and the agreement on the part of the said Stollenwerck to pay her interest to be derived therefrom is to be null and void and of no effect on the death of the said Mrs. D. E. Cobbs.

"It is further understood and agreed that if the amount that may be collected by said Stollenwerck from said dividends and the amount collected from her own claim filed in said proceedings exceed the amount due on said note, then such excess shall be paid over to said Mrs. D. E. Cobbs or invested by the said Stollenwerck for such time as said Cobbs may elect.

"In witness whereof, the parties hereto have hereunto set their hands and seals, the day and year first above written.

"[Signed] D. E. Cobbs. [L. S.]
"[Signed] Emma C. Stollenwerck. [L. S.]"

Ball & Beckwith, of Montgomery, for appellants.

The bill was filed under section 4287, Code 1907, and it does not meet the requirements of section 4293. When properly construed, the assignment and agreement was not an assignment in trust for the use of Mrs. Cobbs. 104 Ala. 481, 16 South. 534; 9 Enc. Plead. and Prac. 687, and cases cited. The agreement to refund any excess of the dividends cannot affect the matter. 129 Ala. 377, 30 South. 618; 119 Ala. 513, 24 South. 846; 221 U. S. 333, 31 Sup. Ct. 575, 55 L. Ed. 758. 36 L. R. A. (N. S.) 370, Ann. Cas. 1912D, 497; 12 Ala. App. 546, 67 South. 794.

Gustave Mertins and Steiner, Crum & Weil, all of Montgomery, for appellee.

It is unnecessary to cite anything more than a statute, but attention is called to the following cases, as fully upholding the decision of the court: 128 Ala. 129, 29 South. 637; 152 Ala. 452, 44 South. 693; 129 Ala. 377, 30 South. 618; 89 Ala. 561, 8 South. 68, 18 Am. St. Rep. 156; 132 Ala. 92, 31 South. 36; · 85 Ala. 369, 5 South. 164, 7 Am. St. Rep. 57; 68 Ala. 463; 87 Ala. 263, 6 South. 346, 13 Am. St. Rep. 31; 203 Ala. 395, 83 South. 139; 62 Ala. 477; 121 Ala. 84, 25 South. 571, 77 Am. St. Rep. 30; 196 Ala. 397, 72 South. 122; 200 Ala. 638, 77 South. 12; 110 Ala. 511, 18 South. 135, 55 Am. St. Rep. 35.

SOMERVILLE, J. [1] The allegations of the bill of complaint are sufficient to show that Mrs. Cobbs' assignment to Mrs. Stollenwerck of her anticipated dividends from the estate of John L. Cobbs & Company, then in bankruptcy, was ·void under section 4287 of the Code, as to other creditors, by reason of the separate, secret, and contemporaneous agreement between them whereby a valuable benefit was reserved to the assignor.

The evidence supported the allegations of the bill in this aspect, and the decree of the circuit court overruling the demurrer to the bill and granting the relief prayed, must be affirmed.

The rule is that if there is any right reserved to the grantor which is inconsistent with an absolute, unconditional sale, or if there is any use or benefit secured which would not result, as a matter of law, from

the nature and terms of the sale, whether expressed or not, the assignment will be held as void at the suit of a creditor. Goetter v. Smith Bros., 104 Ala. 481, 16 South. 534; McDowell v. Steele, 87 Ala. 493, 6 South. 288; Pritchett v. Pollock, 82 Ala. 169, 2 South. 735.

[2] Had the agreement here in question merely required the assignee to pay over to the assignor any amount in excess of the indebtedness intended to be paid by the assignment of the funds, that would not have been the reservation of a benefit obnoxious to the statute. Truitt v. Crook, 129 Ala. 377, 30 South. 618; Loucheim v. First Nat. Bk., 98 Ala. 521, 13 South. 374. But it does much more than that, for it recited that Mrs. Stollenwerck (the assignee)—

"promises and agrees to so credit the said dividends [as payments on the assignor's note] and to use reasonable diligence in investing or causing said dividends to be invested in such a way as to bear interest, and when the interest thereon has been collected shall pay over the said interest to the said Mrs. * * * [assignor] during her natural life."

This stipulation was not a gratuity, nor the expression of a mere legal incident, but a binding obligation, creating a beneficial trust in favor of the assignor in the income from the entire fund, which, upon the face of the assignment itself, was unconditionally appropriated to the payment of the assignor's debt. The assignment therefore falls clearly within the condemnation of the statute, as it has been repeatedly construed. Deposit Bank v. Caffee, 135 Ala. 208, 33 South. 152.

[3] In this view of the case the question of the fraudulent intent of the parties to that transaction becomes immaterial, and need not be considered. Hayes v. Westcott, 91 Ala. 143, 149, 8 South. 337, 11 L. R. A. 488, 24 Am. St. Rep. 875; Sandlin v. Robbins, 62 Ala. 477, 484, 485.

Let the decree of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.