172 So. 109

## MORTON HARDWARE CO. v. BARRANCO et al.

### 6 Div. 8.

Supreme Court of Alabama.

Jan. 14, 1937.

J. A. Estes, of Bessemer, for appellant.

E. E. Wilson, of Bessemer, for appellees.

KNIGHT, Justice.

Bill by Morton Hardware Company, appellant, seeking to have the court to declare and decree fraudulent and void a deed of conveyance executed by appellee C. P. Barranco to his wife, and, in the alternative, to establish and enforce a lien in favor of complainant against the property for material furnished by complainant and used in the improvement of the same.

There were demurrers to the bill as a whole and to its different aspects. The court sustained the demurrers to the bill as amended, and the appeal is prosecuted from that decree.

The particular paragraph of the bill which attacks the conveyance for fraud is as follows: "4. And orator avers that said deed was a mere deed of gift in trust for his own use, without any real consideration therefor, and orator avers that said C. P. Barranco is now and has been ever since the execution of said deed in possession of and using said property as his own just as he was prior thereto, and which conveyance orator avers was executed for the purpose of and with the intent of defrauding his creditors existing and subsequent, by merely fictitiously covering or concealing his ownership of said property in his wife's name, with himself continuing to retain the possession and using it as his own; and orator avers that said property is subject to the burden and equitable rights of orator to charge the same with the burden of its claim and judgment lien as presented and sought in this cause."

The complainant's debt was contracted subsequent to the execution and recordation of the deed of conveyance, in fact the indebtedness was not contracted until about two years after the conveyance was recorded.

It is nowhere charged that the grantor, C. P. Barranco, was insolvent, or that he owed any debts at the time he undertook to convey the property to his wife. The property was not the homestead of the grantor.

A copy of the deed is attached to the bill as amended, and the recited consideration was $2,000, and its payment was acknowledged. The deed is absolute in form, and apparently without reservation of any interest in the grantor.

Section 8032 of the Code reads: "All deeds of gift, all conveyances, transfers, and assignments, verbal or written, of goods, chattels, or things in action, made in

trust for the use of the person making the same, are void against creditors, existing or subsequent, of such person."

In the case of Sandlin et al., Adm'rs, v. Robbins et al., 62 Ala. 477–485, this court pointed out that while section 2120 (now without change section 8032), and the statute of 3 Henry 7, deal with conveyances of goods, chattels, and things in action, yet the rule declared was a common-law doctrine, and was applicable alike to a conveyance of real property made in trust for the use of the person making the same.

While the conveyance now under attack does not disclose in any way that it was made in trust for the benefit of the grantor, yet it is averred, in the plainest terms, that it was without consideration, and was in fact made in trust for the use of the grantor, and that at all times since the execution of the conveyance the grantor has been in the possession of the property, using the same as his own. That "the conveyance was executed for the purpose and with the intent of defrauding creditors existing and subsequent, by merely fictitiously covering or concealing his ownership of said property in his wife's name, *with himself continuing to retain the possession and using it as his own.*"

In the case of Sandlin et al., Adm'rs, v. Robbins, supra, this Court, in an opinion by Judge Stone, gives its unqualified approval to the following rule found in Bump on Fraudulent Conveyances (2d Ed.) 208, where the author was speaking of the statute 3 Henry 7, ch. 4, which in substance constitutes section 2120 of the Code of 1876, and section 8032 of the Code of 1923: "The effect of the trust is not a subject for consideration. *Its mere existence avoids* the transfer, and destroys the title as against creditors *existing* or *subsequent.* A conveyance by the owner of property to another, in trust for himself, is in effect a conveyance to himself, and such a measure can never be necessary for any legal or honest purpose. He who, having the full title, desires to retain the control and use of his property, and yet transfers it to another, can, in the general course of human actions, have but one motive for that measure, and that motive must be to defeat or elude the claims of others. Hence, all conveyances to the use of the grantor, are fraudulent and null against creditors, and others having just claims upon the grantor, or upon the property conveyed. In all the refinements of uses and trusts,

in the midst of multiplied distinctions between legal and equitable interests which have abounded in the progress of Anglican jurisprudence, this principle has never been doubted, and the mockery of a transfer by a debtor of his property, to be held for the use of the debtor, has never been allowed to defeat the rights or remedies of creditors." (Italics supplied.)

In support of the above doctrine announced by Bump, Judge Stone cites the following Alabama authorities: Stokes v. Jones, 21 Ala. 731; Reynolds v. Welch, 47 Ala. 200; Wiley, Banks & Co. v. Knight, 27 Ala. 336; Tickner v. Wiswall, 9 Ala. 305; Patterson v. Campbell, 9 Ala. 933; Montgomery's Ex'rs v. Kirksey, 26 Ala. 172, 173; Constantine v. Twelves, 29 Ala. 607; Reynolds v. Crook, 31 Ala. 634; King v. Kenan, 38 Ala. 63; Hall v. Heydon, 41 Ala. 242; Richards v. Hazzard, 1 Stew. & P. 139; Swift v. Fitzhugh, 9 Port. 39; Gazzam v. Poyntz, 4 Ala. 374, 37 Am.Dec. 745; West v. Snodgrass, 17 Ala. 549; Cummings v. McCullough, 5 Ala. 324.

The same learned author, in speaking of the statute 3 Henry 7, ch. 4, from which the progenitor of our Code, § 8032 was borrowed, observes: "It is not directed against trusts made with fraudulent intent, but against trusts themselves. There is *not one word* about *intent,* or *object,* or *purpose,* or excluding, *injuring,* or *delaying* creditors." (Italics supplied.)

We have heretofore noted the fact that the deed under consideration does not on its face disclose any intention to reserve to the grantor any benefit. If in fact the grantor's purpose was to secretly reserve to himself a benefit, though hidden from view in the language employed, the conveyance cannot be allowed to stand. If such was the secret purpose of the conveyance, the question of the fraudulent intent of the parties to the transaction becomes immaterial. Stollenwerck et al. v. Fourth National Bank of Montgomery, 205 Ala. 548, 88 So. 659; Hayes v. Westcott, 91 Ala. 143, 8 So. 337, 11 L.R.A. 488, 24 Am.St. Rep. 875; Sandlin et al., Adm'rs, v. Robbins, supra. And the fact that the grantor is not insolvent, and has other property which might be subjected to payment of his debts, does not prevent the creditor from pursuing the property conveyed. O'Neil v. Birmingham Brewing Co., 101 Ala. 383, 13 So. 576. In such cases, the rule is, if there is any right reserved to the grantor which is inconsistent with an absolute, uncondi-

tional sale, or if there is any use or benefit secured which would not result, as· a matter of law, from the nature and terms of the sale, *whether expressed or not,* the conveyance will be held void at the suit of a creditor. Goetter v. Smith Bros., 104 Ala. 481, 16 So. 534; McDowell v. Steele, 87 Ala. 493, 6 So. 288; Pritchett v. Pollock, 82 Ala. 169, 2 So. 735; Stollenwerck et al. v. Fourth National Bank of Montgomery, supra.

While the last-cited cases deal primarily with sales or assignments involving personal ·property, the same rule, as heretofore pointed out, applies to conveyances of real estate.

■ The above principles of law, applied to the case now before us, demonstrate that the bill as amended, in so far as it seeks to avoid the conveyance brought before the court in the fourth paragraph of the bill, contained equity, and was ·not subject to .any ground of the respondents' demurrer.

■ Inasmuch as the bill as amended contained equity in at least one of its phases, the court committed error in sustaining the respondents' demurrer to the bill as amended, as a whole. The demurrer to the bill as a whole should have been overruled. Wood et al. v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; Estes v. Metropolitan Life Ins. Co., 232 Ala. 656, 169 So. 316; Birmingham Trust & Savings Co. et al. v. Shelton, 231 Ala. 62, 163 So. 593; First National Bank of Birmingham v. Forman, 230 Ala. 185, 160 So. 109; Mandelcorn v. Mandelcorn, 228 Ala. 590, 154 So. 909, 93 A.L.R. 322; Watson v. Baker et al., 228 Ala. 652, 154 So. 788.

■ In its decree the court sustained the demurrer to the bill as amended, as a whole, entirely omitting any reference to the ground of demurrer going to parts of the bill. It must be taken that the court did not pass upon the demurrers assigned to the several parts of the bill. Hence they are not presented for review on this appeal. Sandlin v. Anders et al., 210 Ala. 396, 98 So. 299; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Oden v. King, supra; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Rikard v. O'Reilly, 232 Ala. 667, 169 So. 320.

For the error, pointed out above, in sustaining the demurrer to the amended bill, as a whole, the decree of the circuit court,

in equity, is reversed, and a decree will be here rendered overruling the same.

Reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ.,.concur.