174 So. 767

## HENDERSON v. SUNSERI.

### 3 Div. 203.

Supreme Court of Alabama.

April 8, 1937.

Rehearing Denied June 3, 1937.

A. G. Seay, of Troy, and Benners, Burr, McKamy & Forman and Frontis H. Moore, all of Birmingham, for appellant.

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

THOMAS, Justice.

The appeal is from a judgment against garnishee on answer.

Appellee secured a judgment against Jake Henderson in June, 1935, and at the July term, 1936, of the circuit court a writ of garnishment was issued thereon and was served on appellant, who made due answer. The trial court rendered a judgment for appellee against the garnishee. The appeal is taken therefrom and errors duly assigned.

It appears from the amended answer that the defendant, Jake Henderson, on July 20, 1933, executed and delivered a trust deed, conveying to Fred W. Henderson and Gussie H. Jones all property at interest and therein specifically described. This instrument appears as a part of the statement of the case. The will of the ancestor of these parties was construed and upheld in Henderson v. Henderson, 210 Ala. 73, 97 So. 353.

The deed now for construction was duly filed and recorded in the probate office of Pike county. Thereafter Gussie H. Jones resigned as trustee, leaving this garnishee as the sole trustee under that instrument. At the time of the filing of this answer by such trustee, he had in his possession moneys and properties inherited by Jake Henderson from his brother Fox Henderson, Jr.; the amount of the corpus thereof being $50,000. It is stated in the uncontroverted answer of the sole trustee that Jake Henderson, the defendant, conveyed to the garnishee, " * * * all property of any and every kind inherited by the said Jake Henderson from his brother, Fox Henderson, Jr., a copy of which said trust agreement is attached hereto and made a part of this answer. That the said Gussie H. Jones did heretofore, to-wit, during November, 1933, resign as trustee of the said Jake Henderson, leaving the said Fred W. Henderson as sole trustee under said instrument. That he, as trustee for the said Jake Henderson, according to the terms, conditions, stipulations and provisions of said deed or instrument of July 20, 1933, has in his possession money and property inherited by the said Jake Henderson from his brother Fox Henderson, Jr., to the value of, to-wit, Fifty Thousand Dollars. That this trust estate is being held by him and administered in the same way as the trust created by Fox Henderson, the father of the said Jake Henderson, and as construed by the Supreme Court of Alabama set forth in the opinion contained in 210 Ala. page 73 et seq., 97 So. page 353. That under said deed or instrument the property conveyed thereby or the proceeds thereof is not subject to garnishment by creditors of the said Jake Henderson

for or on account of any debts or obligations made or incurred by him after the execution and delivery of the aforesaid deed or instrument. That the incomes and profits from said trust property have been and still are being held and used by him, as such trustee, for the uses and benefits as provided in said deed or instrument, first *for the support and maintenance of the said Jake Henderson as to him, as such trustee, appears to be meet and proper, and the balance, if any, is reserved for those entitled to the remainder after the death of the said Jake Henderson."* (Italics supplied.)

We advert to the decision of this court in the construction of the will and partnership agreement of Fox Henderson, Sr., which was upheld as to the trust created for Jake Henderson and for his children. As to such trust it is noted: (1) That it was valid and legal and the title vested in the trustees for the purposes named; (2) that the trustees were invested with full power to conduct the affairs of the trusteeship *as they deemed best,* with power to make such conveyances and instruments as they deemed desirable, and to perform all acts as to such fund without the assent or concurrence of the *cestui que trustent;* (3) that the trustees could use such portion of the net income as they determined for the support of Jake Henderson during his life and for the support of his daughter, Dorothy; (4) that the remainder is held in trust for Dorothy and any other children of Jake Henderson; (5) that payments of net income *may not be made from or extended to any part of the corpus of the trust estate,* which is required to be kept unimpaired and for the benefit of the *remainder in trust* set up and provided for said Dorothy and other children that may be begotten by Jake Henderson in lawful wedlock. That is to say, vested interests in the corpus of the estate and the remainder of income that may have accumulated were created and sustained. Henderson v. Henderson, 210 Ala. 73, 86, 97 So. 353, 365.

The will of the father, Fox Henderson, Sr., and its provisions for the son, Jake Henderson, were construed as follows:

"In view of the specific duties required of the personal representatives and trustees, being the same persons, which duties and mutual interests are so commingled in the administration of the vast estate of testator, consisting of joint properties, the trust was not what is variously called a dry or a naked trust. * * * When the whole will is considered, and the original is inspected as transmitted to us, we cannot escape the conclusion that the founder of such a trust intended to set up trust of such nature as to secure the enjoyment of his estate, to or for Mr. Jake Henderson, and, at the same time, provide that it should not be alienable by him or become subject to be taken by his creditors. Such trusts have been long permitted in this country (Nichols v. Eaton, 91 U.S. 716, 23 L.Ed. 254, 256, 257; Hyde v. Woods, 94 U.S. 523, 24 L.Ed. 264; Spindle v. Shreve, 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512; Shelton v. King, 229 U.S. 90, 33 S.Ct. 686, 57 L.Ed. 1086; Garland v. Garland, 87 Va. 758, 13 S.E. 478, 13 L.R.A. 212, 24 Am.St. Rep. 682, 686, note), and are within the terms of section 3409 of the Code." Michie's Code 1928, § 6913.

The nature and extent of the title and trust set up, the devise and bequest to Fox Henderson, Jr., by Fox Henderson, the testator, were of equal part with testator's wife and children other than Jake, and to trustees for Jake; it further provided for keeping the real estate together, for renting or leasing it and for division of proceeds. It was further declared that the holding together of the estate was not for accumulation merely and not too remote; and at the expiration of the term of years in gross, the vested interest with which Fox Henderson, Jr., was invested was freed of the trust.

Upon the death of Fox Henderson, Jr., the defendant, Jake Henderson, was invested with a share of his brother's estate coming from Fox Henderson, Sr., and it is this property that is sought by a subsequent creditor to be subject to the instant garnishment.

■ If there was no personal benefit reserved by the deed from Jake to Fred Henderson and not denied in the making by the statute or law that obtained as to such conveyance, the trust attempted to be set up in the deed must be sustained on principles announced by this court in Henderson v. Henderson, 210 Ala. 73, 97 So. 353. At the time of this conveyance the debt in question is not shown to have existed. The pertinent statute to be applied is Code § 8032. Said section was recently construed by this court, where the leading authorities are collected. The holding was that a conveyance cannot stand if the grantor's purpose was to reserve to himself

a benefit, and such is its effect as to existing or subsequent creditors. Morton Hardware Co. v. Barranco (Ala.Sup.) 172 So. 109.[1] When the terms of this conveyance are all considered, the expressions "my share," "for myself," "for my benefit for life," indicate the reservation of a benefit for the grantor in the income from this property that was subject to interception by garnishment. Sandlin et al., Adm'rs, v. Robbins et al., 62 Ala. 477; Stollenwerck v. Fourth National Bank, 205 Ala. 548, 88 So. 659.

The several sections of the Code, §§ 6912, 6913, and 8032, that are urged as pertinent must be considered together and as a part of a system of conveyance that has long existed in this state. As construed by this court, they are not in conflict, each having a separate field in which to function. Sections 6912 and 6913 make such a conveyance valid as to all persons except creditors of the grantor existing or subsequent as limited by section 8032. Morton Hardware Co. v. Barranco, supra; O'Neil v. Birmingham Brewing Co. et al., 101 Ala. 383, 13 So. 576.

After all that may be said, the trust created by Fox Henderson was not created for the benefit of the maker and that now challenged by a creditor was for the maker and for the benefit of his children in remainder. It was within the influence of section 8032 of the Code and may be reached by garnishment as to grantor's interest for life. Sections 8051, 8061, Code.

The judgment of the circuit court was in accord with the foregoing and is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

## On Rehearing.

THOMAS, Justice.

It was intended on the original consideration of this cause to say that the only reservation made by the grantor, Jake Henderson, was in the income of the estate subject-matter or corpus and that the remainder was presently vested in trustees for grantor's children. It follows from this holding that recovery by a creditor could not be had (1) out of the corpus so conveyed, (2) and that there must be an income from that corpus, after the trustees have duly protected the corpus and administered the same, that the grantor Jake Henderson could demand and recover. It is only this life estate and benefit in income, reserved to the use of and for the benefit of the maker, Jake Henderson, that come within the influence and interdiction of the statute, section 8032, Code, and subject the income after due administration to creditors.

Such is the effect and analogy contained in our decisions. Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Morton Hard. Co. v. Barranco, 233 Ala. 346, 172 So. 109. Under the rules declared and prevailing, it is only the benefit made in trust for the use of the person making the same that is subject to creditors, and not the trust and vested remainder conveyed in trust for the benefit of the grantor's children. This conveyance by way of vested remainders is valid and within the beneficent provisions of sections 6912 and 6913, Code. Henderson v. Henderson, supra; Morton Hard. Co. v. Barranco, supra.

It is only the income from the duly administered corpus of the estate in question which is reserved as a benefit for the grantor that is the subject of interception by creditors. The trust set up is sustained. The corpus in remainder for children is beyond the reach of creditors. First Nat. Bank v. Hartwell, 232 Ala. 413, 168 So. 446; Crawford v. Carlisle, 206 Ala. 379, 389, 89 So. 565.

From what has been said, it is plain that the use of the word "void" in sections 8032 and 8038, Code, is manifestly taken in the sense of "voidable" in favor of the particular persons within the protection of the statute. That is to say, as between the grantor and the grantee, the conveyance though voluntary is valid. In construing section 8038, Code, the court has drawn distinction between existing and subsequent creditors, although the literal words of the statute make no such distinction. See construction of the statutes in McCrory et al. v. Donald, 192 Ala. 312, 68 So. 306; Bush v. Coleman, 121 Ala. 548, 25 So. 569.

The trust set up in this case antedates the "spendthrift trust" (Acts 1935, p. 626), and consideration of such statute is not necessary.

---

It follows from the foregoing that the application for rehearing should be and it is overruled.

Overruled.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.