INGRAM, Judge.
In March 1987, the Brewton Insurance Agency (agency) filed two complaints in the District Court of Escambia County, Alabama. These complaints asserted a claim for damages against Cleo McClain (McClain) in his individual capacity in the amount of $3,074.76 and in his capacity as owner of the Brewton Funeral Home in the amount of $3,669.78. The complaints alleged that McClain had entered into agreements involving insurance coverage with the agency and had breached those agreements by failing to keep current his premiums.
McClain filed an answer which denied the allegations of both complaints. After a hearing, the court entered a judgment in favor of the agency in the amount of $2,221.53 on one complaint and $3,203.00 on the other complaint. McClain timely appealed to the Circuit Court of Escambia County, Alabama, and demanded a jury trial. McClain filed a motion to consolidate the two cases, and the motion was granted.
The case was tried before a jury, and the jury returned a verdict in favor of the agency in the amount of $5,991.54. McClain appeals.
On appeal, McClain raises two issues. He contends that the trial court erred when it failed to give the requested jury instruction on mitigation of damages. He also contends that the trial court erred when it admitted 13 exhibits introduced by the agency over his objection on the grounds of the best evidence rule. However, McClain fails to cite any authority to support his second issue. When no legal authority is cited or argued in support of an issue, it is as though no argument has been made. Alabama Rules of Appellate Procedure, Rule 28(a)(5); Barnhill v. Barnhill, 516 So.2d 725 (Ala.Civ.App.1987). Therefore, we pretermit consideration of this second issue.
In regard to McClain’s contention that the trial court erred when it failed to give the requested jury instruction on mitigation of damages, the rule regarding jury instructions was set out in Alabama Farm Bureau Mutual Insurance Service, Inc. v. Jericho Plantation, Inc., 481 So.2d 343, 344 (Ala.1985), which provided:
“[A] party is entitled to have his theory of the case, made by the pleadings and issues, presented to the jury by the proper instructions ..., and the court’s failure to give those instructions is reversible error.” (Citations omitted.)
Our initial inquiry is whether the defense of failure to mitigate damages was properly asserted as a theory of the case. We have searched the record and were unable to find any pleading or motion which raised the issue of mitigation of damages.
Rule 8(c) of the Alabama Rules of Civil Procedure (A.R.Civ.P.) provides, in pertinent part: “In pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense.” Matters which tend to mitigate damages should be affirmatively pleaded if they fall within the catchall clause because it introduces a new matter into the case. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1273 (1969).
We recognize that failure to plead an affirmative defense constitutes a waiver of that defense. Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala.1984). However, there are several exceptions to this waiver rule. See, 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1278 (1969). If, during the course of the trial, evidence relating to the unpleaded defense is introduced without objection, it is deemed to have been tried by express or implied consent of the parties, and the pleadings are deemed amended to conform to the evidence pursuant to Rule 15(b), A.R.Civ.P. Bechtel, 451 So.2d *337 793; Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955 (Ala.1983).
In the present case, counsel for McClain questioned the insurance agent regarding whether the policies could have been can-celled within thirty days of when it first became in arrearage. The insurance agent also admitted that the policies could have been cancelled and the arrearage credited by the return premium. There was no objection made by the agency’s attorney to any of this testimony.
Therefore, based upon the above cited authorities, the pleadings were deemed amended, and the trial court committed reversible error when it refused to give the requested jury instruction on mitigation of damages.
This case is reversed and remanded.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.