Charles Ingrum, in his capacity as the administrator of Lillie Mae Jones's estate,[1] brought an action to have conveyances to a trust set side pursuant to Ala. Code 1975, §8-9-7. Ingrum, a judgment creditor of the estate, sought to have the trust property returned to the estate in order to satisfy his judgment. The trust was created in 1977 for Lillie Mae Jones's benefit, with Jones's son, Jack L. Giles, serving as trustee. The trust instrument named Giles and his five sons as remaindermen. The trial court held that, pursuant to §8-9-7, the trust was void as to the creditors of Jones's estate and that the property that she had attempted to convey to the trust was, by operation of law, a part of her estate and could be used to satisfy its debts. Giles and his sons, who were the defendants in this case, appeal from that judgment.[2]
The instrument that created the trust contained the following relevant provisions:
 "The income and principal of the Trust Estate
shall be distributed as follows:
 "a. During the lifetime of Donor so much of the income and the principal *Page 1288 
which may be reasonable [sic] necessary for the health, maintenance and welfare of Donor shall be paid to her not less than quarterly. Liberal provisions shall be made for her.
". . . .
 "This agreement may be amended or revoked by Donor only with the written consent and concurrence of Jack L. Giles.
". . . .
 "Notwithstanding any other provision hereof the Trustee shall not have, and shall never have in the future, any responsibility for:
 "a. Any tangible or intangible personal property until the same is actually delivered to or assigned to Trustee to the extent that Trustee have [sic] actual control over it and receipts for same in writing.
 "b. Any real property until after the same is converted to personalty by a sale thereof."
(Emphasis added.)
After creating the trust, Jones attempted to convey, without the participation of the trustee, two parcels of real property that were part of the trust corpus. In 1981, Jones was involved in a motor vehicle accident in Georgia. She died in April 1982. The driver and the passenger of the other car involved in the accident, Robert and Sara Dixson, obtained a $495,088 judgment against Jones's estate. In 1984, that judgment was domesticated in Cleburne County, Alabama. Subsequently, the Dixsons assigned the judgment to Charles Ingrum. Ingrum thus became the largest creditor of Jones's estate and was therefore appointed its administrator. See Ala. Code 1975, § 43-2-42(a)(3). He then brought this action.
An order was entered in November 1985 that upheld the trust. However, the trial court granted Ingrum's motion for a new trial and, after a bench trial, entered an order on December 27, 1989, declaring the trust void as to the estate's creditors, pursuant to § 8-9-7. Jack Giles, in his capacity as trustee, then filed a Rule 59, Ala.R.Civ.P., motion. No ruling was made on that motion within 90 days and it was thus deemed denied pursuant to Rule 59.1, Ala.R.Civ.P. Giles appeals, arguing that: (1) although Jones was entitled to receive payments from both the income and corpus of the trust, she retained only a conditional power to revoke or amend the trust, and therefore the trust was valid; (2) the issues raised by Ingrum's complaint had been decided in a prior action and thus were barred from further litigation by the doctrine of resjudicata; and (3) the court erred by denying his Rule 59 motion.
We note that, subsequent to the events at issue here, the legislature repealed § 8-9-7 and replaced it with provisions of the Alabama Uniform Fraudulent Transfer Act, § 8-9A-1 et seq.Acts of Alabama 1989, Act No. 89-793, pp. 1585-93. That Act works an important change in cases of this type. Under § 8-9-7, a trust for the donor's use could be held void as to the donor's creditors, regardless of whether there was any evidence of fraudulent intent on the part of the donor in creating the trust. Morton Hardware Co. v. Barranco, 233 Ala. 346,172 So. 109 (1937); Stollenwerck v. Fourth Nat'l Bank, 205 Ala. 548,88 So. 659 (1921). However, under the new Act, evidence of the donor's fraudulent intent or of constructive fraud is required in order to void a trust. Section 8-9A-4. The Alabama Uniform Fraudulent Transfer Act applies only to transfers occurringafter January 1, 1990. Because the trust in the instant case was created and all conveyances to it were made in 1977, the now-repealed § 8-9-7 applies.
Under § 8-9-7, if the trust instrument reserved a beneficial use in the trust property to the donor, the trust was void as to the donor's existing or subsequent creditors:
 "All deeds of gift, conveyances, transfers and assignments, verbal or written, of goods, chattels or things in action, made in trust for the use of the person making the same are void against creditors, existing or subsequent, of such person."
Section 8-9-7. The reason for this section is clear; a debtor cannot be allowed to defeat the legitimate claims of his creditors, *Page 1289 
whether existing or subsequent, by transferring his property to another while continuing to enjoy the use and benefit of that property. Sandlin v. Robbins, 62 Ala. 477 (1878).[3] Although §8-9-7 in its terms mentioned only personalty, this Court held that it stated a common law doctrine that applied to both personalty and realty. Pace v. Wainwright, 243 Ala. 501,10 So.2d 755 (1942); Henderson v. Sunseri, 234 Ala. 289,174 So. 767 (1937); Sandlin v. Robbins.
If conveyances to a trust that were made on or before January 1, 1990, are found to violate § 8-9-7, the donor's creditors can reach whatever interest in the trust income or corpus the trustee could have paid to the donor under the terms of the trust instrument. Henderson v. Sunseri (trustee could make payments to donor/beneficiary out of trust income only, thus only income could be reached by donor's creditors). Under the terms of the trust in the instant case, the trustee could have paid Jones the entire amount of the corpus and the income generated thereby. Therefore, both the income and the corpus of Jones's trust could be reached by her estate's creditors.
Giles's first argument has two components. First, he argues that the trust could be set aside only if there was evidence that Jones intended to defraud her creditors by creating the trust. However, § 8-9-7 did not mention the donor's intent, and this Court has held that the donor's intent is immaterial under that section. Stollenwerck, supra; Sandlin, supra. Second, he argues that, even though Jones was entitled to receive payment from both the income and the corpus of the trust, the fact that she retained only a conditional, not an absolute, power of revocation or amendment kept her ownership in the trust property from being total, and therefore the trust should not be set aside. Giles directs this Court's attention to Ala. Code 1975, § 35-4-290, as support for his contention.
However, § 8-9-7 and the sections contained in title 35, chapter 4, do not conflict; rather, they have separate fields of operation and are meant to be read in pari materia.Henderson, supra. The only trusts that fell within the ambit of § 8-9-7 were those created by the donor for the donor's own benefit and support. Henderson, supra. In contrast, the sections in title 35, chapter 4, including § 35-4-290, are of more general application and also address trusts that are created by the donor for the benefit of third persons. See, e.g., §§ 35-4-250; -251; -253; -259; and -290.
Because those sections address trusts and powers more generally than § 8-9-7 did, and because § 8-9-7 did not require that the donor retain an absolute power to appoint, revoke, or amend the trust in order for it to be void as to the donor's creditors, Giles's argument is without merit. See Henderson,supra.
Giles's second argument is that Ingrum's action to set aside the trust is barred by the doctrine of res judicata. He argues that a final judgment entered in March 1988 in a separate action resolved all of the issues raised by Ingrum in this action. We note that Giles first raised the affimative defense of res judicata in his post-trial motion. Under Rule 8(c), Ala.R.Civ.P., the defendant must assert all affirmative defenses in his responsive pleadings. If he fails to assert an affirmative defense in a timely manner, it is deemed waived.International Longshoremen's Ass'n v. Davis, 470 So.2d 1215
(Ala. 1985), aff'd, 476 U.S. 380 (1986). Furthermore, we see no merit in the res judicata argument advanced by Giles.
Finally, Giles argues that the court erred in failing to grant his motion to alter or amend its judgment or to grant a new trial. Although this argument is too general to merit reversal, see Rule 28(a)(5), Ala.R.App.P., we make one point pertinent to an argument raised by Giles at trial and in his motion for new trial. One of the two conveyances of trust property executed by *Page 1290 
Mrs. Jones after she had conveyed the property to the trust was a 1978 deed to Giles and his five sons, purporting to convey a 310-acre parcel that had been conveyed to the trust. The court recited in its judgment:
 "Jack L. Giles, as Trustee under said Trust, had never conveyed this property out of said Trust. The Court finds that Lillie Mae Jones did not have the capacity to convey said property to the grantees herein while said property was still held in trust."
Giles had argued at trial that, if the trust was void, as Ingrum contended, then Jones's capacity to convey the property was not affected by the attempt to create the trust. This argument overlooks the facts that § 8-9-7 made self-directed trusts "void as to creditors" and that this Court held inHenderson v. Sunseri, supra, that such trusts were actually voidable, not void. Thus, for all that has been argued here, the trust was effective in 1978 as among the parties thereto, and the trial court's holding was correct.
As a ground for his motion for new trial, Giles asserted that the court's holding that Jones lacked capacity to execute the 1978 deed "was outside the pleadings and proof in this case and the court exceeded its authority in said finding." The complaint sought a declaration that the purported trust properties, describing them and including the 310-acre parcel, were "vested in the Estate of [Jones] and that the [trust] has no claim to or interest in said property." This prayer for relief sufficiently put the matter in issue.
For the reasons stated above, the judgment is affirmed.
AFFIRMED.
ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The decedent was married several times and was successively known as Lillie Mae Giles, Lillie Mae Jones, and Lillie Mae Sherrer. Because the trust was in the name "Jones," we shall use that name consistently.
[2] Although the sons are parties to the action, they have taken no position different from their father's, so we shall refer simply to Mr. Giles as the appellant.
[3] The provisions that became Ala. Code 1975, § 8-9-7, were carried forward without material change from the Code of 1852 through all successive codes.