This is a workmen's compensation case.
On January 20, 1988, Ricky Harrell suffered an injury to his back in a tractor-trailer accident, which arose out of and in the course of his employment with Pet, Inc., Bakery Division (Pet). In August 1988, Harrell filed a complaint against Pet in the Etowah County Circuit Court seeking workmen's compensation benefits. The record indicates that in 1988 Harrell also filed a complaint for damages against third parties, in the Marshall County Circuit Court, based on the same accident. In August 1992, the Marshall County Circuit Court entered a judgment in the amount of $184,000 in favor of Harrell and against the third parties.
On June 1, 1993, the trial court, in the workmen's compensation case in Etowah County, entered a judgment in favor of Harrell in the amount of $61,316.20, plus costs (which included certain deposition costs). The trial court further ordered that Pet remain liable for any medical, rehabilitation, or other benefits that Harrell might be entitled to under the workmen's compensation laws of the State of Alabama.
On June 18, 1993, Pet filed a post-judgment motion asking, among other things, the trial court to determine the impact of the third-party recovery of damages in Marshall County upon Pet's liability to Harrell. Harrell filed a response to Pet's motion and argued that Pet had waived any claim for a credit by failing to plead its claim before the judgment was entered in the workmen's compensation case.
On September 2, 1993, the trial court issued an order, finding, in pertinent part:
 "1. . . . Ricky Harrell recovered a third-party judgment in the amount of $184,000.00 in the Circuit Court of Marshall County, Alabama. The Court finds that pursuant to Section 25-5-11 Code of Alabama, [Pet] is entitled to credit or subrogation upon its liability to [Harrell] for the compensation owing to [Harrell]. The Court has considered the arguments of [Harrell] that [Pet] has waived its right to subrogation. . . . The court finds that [Harrell's] attorney was made aware of Pet's potential claim for subrogation and that [Pet] has made this Court aware of its claim in such a manner that it would be inequitable to apply the principal of waiver, assuming [Pet] is required to plead its statutory subrogation interest. . . .
 "2. The Court therefore finds that [Pet] is entitled to a credit for the sum ordered paid to [Harrell] and since the amount of compensation ordered to be paid is less than the amount of the third party award, [Pet] does not owe [Harrell] any funds for compensation previously ordered paid. The Court notes, however, that only compensation is reimbursable and not medical expenses."
On September 16, 1993, Harrell filed a motion to alter, amend, or vacate, requesting that the trial court amend its September 2, 1993, judgment and reinstate its June 1, 1993, judgment. Harrell also requested, among other things, that the trial court clarify how Pet made the court aware of its claim for credit and why it would be inequitable to apply the principle of waiver. Harrell further requested that the trial court make a finding that Harrell had not been made whole by his recovery from the third parties.
On September 27, 1993, the trial court amended its order of September 2, 1993, by *Page 206 
adding, among other things, the following language:
 "Paragraph 1 of the order of the Court dated September 2, 1993 as it amends the judgment of the Court dated June 1, 1993 is amended by adding the following language, to-wit: 'The Court specifically finds that [Pet] did not plead or offer any evidence prior to judgment, in regards to the third party recovery of [Harrell]. The first time this Court was made aware by [Pet] of the third party recovery and [Pet]'s claim for subrogation was when [Pet] filed a motion for new trial.
 "Paragraph 2 of the order of the Court dated September 2, 1993 as it amends the final judgment of the Court dated June 1, 1993 is amended by adding the following language, to-wit: 'The Court specifically finds and holds that [Harrell] was injured on January 20, 1988, and that [he] has not been made whole for his loss when all sources of reimbursement are considered including but not limited to any third party recovery in the Circuit Court of Marshall County, Alabama plus the judgment entered in this cause. It is the determination of this Court that [Harrell] has incurred lost wages, permanent disability, pain and suffering, and medical expenses which far exceed all sources of reimbursement including this judgment. . . .' "
Harrell appeals, raising two issues: (1) whether the credit provided by § 25-5-11(a), Ala. Code 1975, is an affirmative defense that must be specially pleaded prior to final judgment; and (2) whether an employer is entitled to the credit provided by § 25-5-11(a) if the employee has not been fully compensated for his injury by the recovery of damages from a third party.
Section 25-5-11(a), Ala. Code 1975, provides, in pertinent part:
 "If the injured employee, or in case of his death his dependents, recover damages against [a third] party, the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages so recovered and collected should be in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of such injury or death. . . . [T]he employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death." (Emphasis added.)
Rule 8(c), Ala.R.Civ.P., denominates affirmative defenses as:
 "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."
This court has held that: "Matters which tend to mitigate damages should be affirmatively pleaded if they fall within the catchall clause because it introduces a new matter into the case." McClain v. Brewton Insurance Agency, 528 So.2d 335, 336
(Ala.Civ.App. 1988) (citation omitted). Failure to plead an affirmative defense constitutes a waiver of that defense. Id.
The credit provided by § 25-5-11(a), Ala. Code 1975, certainly can be classified as "payment", "release", or "any other matter constituting an avoidance" because "the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation. . . ." Therefore, we hold that the credit provided by § 25-5-11(a) is an affirmative defense under Rule 8(c), Ala.R.Civ.P., which the employer must assert in a timely manner and prove before final judgment is entered. Giles v. Ingrum, 583 So.2d 1287 (Ala. 1991);Kimberly-Clark Corp. v. Golden, 486 So.2d 435 (Ala.Civ.App. 1986). As in Giles, Pet first raised the issue of Harrell's recovery of damages in Marshall County in its post-judgment motion in this case. The trial court, in its September 27, 1993, order, specifically found that Pet did not plead or offer any evidence of Harrell's recovery of damages from the third parties prior to judgment. Where a party fails to plead an affirmative defense in a timely manner, it is deemed to be waived. Giles, supra. *Page 207 
Therefore, we hold that Pet waived its right to the credit provided by § 25-5-11(a) by failing to plead and prove Harrell's recovery of damages from third parties before judgment was entered in this case.
We further note that such damages must also becollected by the employee before they can "be credited upon the liability of the employer." § 25-5-11(a). The employer must not only prove that such damages were recovered, but, also, that they have been collected. Id. In its amended judgment the trial court found that Harrell had recovered a third-party judgment in the amount of $184,000, but it did not find that Harrell hadcollected any of that judgment. The trial court then found that Pet was entitled "to a credit for the sum ordered paid to" Harrell. This too was error, because it should have been the amount proven to have been collected[1] by Harrell that was due to have been credited had Pet timely plead and proved such damages before final judgment. Id. Based on the foregoing, Pet was not entitled to be credited for any third party damages pursuant to § 25-5-11(a), Ala. Code 1975.
Harrell's second issue is whether an employer is entitled to the credit provided by § 25-5-11(a) if the employee has not been fully compensated for his damages. The trial court found that Harrell's damages far exceeded all of his recoveries in both Marshall and Etowah Counties. This court has held that an employer is not entitled to the credit provided by § 25-5-11(a) unless there has been a double recovery, i.e., a recovery from two sources that exceeds the employee's total damages. Jacksonv. Weaver, 516 So.2d 702 (Ala.Civ.App. 1987); Holder v.Weatherly, 456 So.2d 812 (Ala.Civ.App. 1984). However, our supreme court has held that § 25-5-11(a) does not limit an employer's reimbursement only when the employee has recovered from two sources an amount that exceeds the employee's damages.Maryland Casualty Co. v. Tiffin, 537 So.2d 469 (Ala. 1988). "The Legislature has the power to enact legislation to adopt the policy that Professor Larson advocates and that the Court of Civil Appeals has adopted. We do not. We must interpret §25-5-11(a), as it is written, not as we may wish that it were written." Id. at 474.
The judgment of the trial court is reversed, and this case is remanded for the trial court to reinstate the June 1, 1993, judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.
[1] The record reflects that the attorneys discussed the Marshall County judgment, attorney fees, and expenses; however, no evidence was ever presented as to how much, if any, of the $184,000 judgment was ever collected by Harrell.