MONROE, Judge.
Richard A. Schnacke appeals from the trial court’s dismissal of his claim against Real Estate Financing, Inc., and Regions Mortgage, Inc. The court stated that the dismissal was “due to lack of adequate proof and because [Schnacke] waived his right to pursue this claim or is estopped from pursuing this claim by the payment of $7,386.15 on 2-25-98.” This case was deflected to this Court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975.
In August 1986, Schnacke purchased a house in Huntsville. The total purchase price was $88,500. To finance the purchase, Schnacke obtained a loan from Real Estate Financing, and he gave a mortgage securing the payment of a total debt of $83,500. The interest rate was 8% per year, and the monthly payment was $1,017.32. Sometime thereafter, Regions Mortgage became the holder of the mortgage.
Schnacke received a letter, dated January 16, 1998, from an attorney who had been retained by Regions Mortgage to commence foreclosure proceedings. This letter stated, “Unless reinstatement is effected prior to March 2, 1998, the foreclosure sale will be held at the Courthouse at Huntsville, Alabama, during the legal hours of sale.” This letter advised Schnacke that he should notify the attorney in writing within 30 days if he disputed the validity of any part of the debt. Schnacke sent a letter, dated January 22, 1998, to the attorney, stating that he disputed the validity of the claim and contending:
“Regions Mortgage has not properly credited my account with all my payments. I can show you numerous payments that are not posted to my account. I have written them every month since May and have enclosed all my payment records with them and a step-by-step approach and showed them where they are inaccurate with my account. As of this moment, I have overpaid my account.”
The Regions Mortgage attorney sent Schnacke another letter, dated February 16, 1998, stating, “The amount required to reinstate your mortgage loan referenced above through February 28, 1998, is $7,386.15.” Schnacke sent a cashier’s check, dated February 25, 1998, in the amount of $7,386.15.
In December 1998, Schnacke filed a complaint against Real Estate Financing and Regions Mortgage (hereinafter referred to as “the defendants”), alleging negligence, breach of contract, and conversion. Schnacke alleged that he “has paid approximately $15,188.44 over and above the amounts required under the terms and conditions of the real estate mortgage loan initially executed by [Schnacke].” The *380 case action summary shows that service was perfected on the defendants on December 21, 1998, and December 22, 1998. However, the defendants did not file an answer.
In February 1999, Schnacke filed an application for an entry of default against the defendants, and the circuit clerk entered a default. Schnacke sought a default judgment and filed affidavits and exhibits (including canceled checks) in support of the request, outlining the facts and his claim for damages.
On September 27, 1999, the trial court made the following entry on the case action summary: ‘ ■ •
“At the call of the status docket with [Schnacke] and his attorney present, the court dismisses, without prejudice, the claim of [Schnacke] due to lack of adequate proof and because [Schnacke] waived his right to pursue this claim or is estopped from pursuing this claim by the payment of $7,386.15 on 2-25-98.”
This appeal followed. The defendants did not favor this court with a brief on appeal.
Schnacke initiated this action to recover money he says was paid, but never applied to reduce his mortgage debt and to recover money he says was demanded and received by the defendants under the threat of foreclosure. Waiver and estoppel are affirmative defenses. Rule 8(c), Ala. R. Civ. P. In Giles v. Ingrum, 583 So.2d 1287, 1289 (Ala.1991), our supreme court stated:
“Under Rule 8(c), Ala. R. Civ. P., the defendant must assert all affirmative defenses in his responsive pleadings. If he fails to assert an affirmative defense in a timely manner, it is deemed waived.”
As previously noted, the defendants failed to even file an answer.
In his complaint, Schnacke sought affirmative relief from the defendants. When the defendants failed to answer, he moved for an entry - of default. Thereafter, Schnacke filed affidavits and exhibits to support his claim for damages. The record indicates that Schnacke was entitled to a judgment by default. Rule 55, Ala. R. Civ. P. However, the trial court dismissed Schnacke’s complaint.
The trial court erred when it dismissed Schnacke’s claim. Its judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in result.