L. CHARLES WRIGHT, Retired Appellate Judge.
The McCleskeys incurred a hospital bill of $2,833.60 owed to the Lawrence County Hospital. Their insurer paid one-half of the bill, leaving a balance of $1,417.10. The hospital assigned the debt to Mid-South Credit Collections.
Subsequently, Mid-South filed an action in the District Court of Lawrence County against the McCleskeys for the balance due. The district court entered judgment in favor of the McCleskeys. Mid-South appealed that decision to the circuit court.
Following the presentation of oral evidence, the circuit court entered an order finding that Mid-South was equitably es-topped from recovering their claim because of the hospital’s failure to timely notify the McCleskeys’ insurer. Mid-South appeals. The McCleskeys did not file a brief with this court.
Mid-South asserts that the trial court erred in finding that it was equitably es-topped from collecting the amount owed because the McCleskeys failed to affirmatively plead the defense of estoppel. Alternatively it asserts that the McCleskeys did not produce sufficient evidence to prove equitable estoppel.
The affirmative defense of estop-pel must be affirmatively pleaded. Rule 8(c), Alabama Rules of Civil Procedure. Rule 15(b), A.R.Civ.P., however, is an exception to the rule that an affirmative defense is waived if not specifically pleaded. Robinson v. Morse, 352 So.2d 1355 (Ala.1977). That rule provides for the automatic amendment of pleadings to allow them to conform to the evidence that has been presented to the court. Bischoff v. Thomasson, 400 So.2d 359 (Ala.1981).
The three essential elements of equitable estoppel are:
“(1) The person against whom estoppel is asserted, who usually must have knowledge of the facts, communicates something in a misleading way, either by words, conduct, or silence, with the intention that the communication will be acted on; (2) the person seeking to assert es-toppel, who lacks knowledge of the facts, relies upon that communication; and (3) the person relying would be harmed materially if the actor is later permitted to assert a claim inconsistent with his earlier conduct.”
General Elec. Credit Corp. v. Strickland Div., 437 So.2d 1240 (Ala.1983).
*1214 The McCleskeys appeared pro se in the district and circuit courts. The record reveals that they did not affirmatively plead the defense of estoppel. The record further discloses that the evidence failed to support a Rule 15(b) exception due to the absence of proof of essential elements of equitable estoppel.
Mrs. McCleskey testified that she was admitted to the hospital through the emergency room. She explained that due to the emergency admission her insurer had to be notified within 24 hours for there to be full coverage. She stated that she explained this procedure to the admissions office. She testified that she presented the admissions office with her prescription drug card because she did not have her insurance card with her. The drug card did not have the notice requirements on it.
A hospital representative testified that they were not required to file insurance, or handle claims. The representative who handled Mrs. McCleskey’s admission was not summoned to testify. Moreover, the insurance policy was not admitted into evidence, and neither was the drug card nor the insurance card.
The record in this case shows no misrepresentation or deliberate conduct designed to consciously and unfairly mislead the McCleskeys. The record discloses that the hospital did not make any representation that it would notify the McCleskeys’ insurer. The necessary elements to support an equitable estoppel defense are simply not present in this case. It follows that the trial court misapplied the law to the facts. The judgment, therefore, is reversed and the case remanded with direction that judgment be rendered in favor of Mid-South for the balance sued for, together with interest.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.