YATES, Judge.
Gary Miller sued his business partner, Mark T. Raines, alleging, among other things, conversion of assets of their restaurant partnership, “Georgetown Grub & Grog.” Raines hired the law firm of Bell Richardson, P. A. (“Bell”), as counsel to represent him in the lawsuit. Miller also contends that Bell is liable on a claim of conversion. He filed an amended complaint, naming Bell as a party defendant and alleging that Raines had deposited in Raines’s personal account a $6,000 check drawn payable to “Georgetown Grub & Grog & Mark T. Raines” and then used $3,000 of that money to pay Bell a retainer.
Bell filed a Rule 12(b)(6), Ala.R.Civ.P., motion, seeking to be dismissed on the grounds that Miller had stated no claim upon which relief could be granted. Miller filed a memorandum in opposition to the motion to dismiss, followed by a supplemental memorandum. Bell then filed a response in support of its motion to dismiss. Because Miller submitted matters outside the pleadings, the trial court treated Bell’s motion to dismiss as a motion for summary judgment; the court entered a judgment for Bell. Miller appeals.
Miller contends that the trial court improperly converted Bell’s motion to dismiss into a motion for summary judgment without allowing Miller an opportunity to present pertinent evidence. That treatment is proper where, as here, the parties, in support of, or in opposition to, the motion file matters outside the pleading and those matters are considered by the court. Rule 12(b)(6), Ala.R.Civ.P., and AC, Inc. v. Baker, 622 So.2d 331 (Ala.1993).
“The requirements of Rule 56 apply to a converted Rule 12(b)(6) motion.” Graveman v. Wind Drift Owners’ Ass’n, Inc., 607 So.2d 199, 202 (Ala.1992). The nonmovant must receive: (1) adequate notice that the trial court intends to treat the motion as one for summary judgment; and (2) a reasonable opportunity to present material in opposition. Id. Notice that the court intends to treat a motion to dismiss as one for summary judgment need not be given by written order. Hales v. First National Bank of Mobile, 380 So.2d 797 (Ala.1980).
Here, treatment of a motion to dismiss as a motion for summary judgment is appropriate. We conclude from the record that the parties recognized that substantial external evidence was before the trial court when it considered the motion. Therefore, it cannot now be asserted that there was inadequate notice that the trial court’s consideration of these external matters would, in effect, convert the motion.
Further, on April 26,1993, Bell sent Miller a copy of its brief in support of its motion to dismiss; that brief contained a request that the motion be treated as one for summary judgment. Moreover, it was Miller who submitted matters outside the pleadings, thereby allowing the motion to dismiss to be converted to a motion for summary judgment. Approximately two weeks lapsed from the time Miller received notice of Bell’s request until the trial court converted the motion. We find that Miller had adequate notice and that he had a reasonable opportunity to present material in opposition to the motion. We interpret the Supreme Court’s opinion in Graveman to mean that a written request for the trial court to treat the motion as one for summary judgment, served on the opposing party, is adequate notice within the meaning of Rule 12(b), Ala.R.Civ.P. See Graveman, supra. We conclude that the trial court properly treated Bell’s motion to dismiss as a motion for summary judgment.
*8 Finally, Miller contends that the trial court committed reversible error in granting Bell’s motion to strike Miller’s third amended complaint, arguing that he had stated a cause of action against Bell and, therefore, that the order striking his amendment is due to be reversed and that the case should be remanded for a trial.
Rule 15(a), Ala.R.Civ.P., allows one amendment to a complaint as a matter of course, but only if the amendment is filed before a responsive pleading has been filed. Otherwise, it is within the discretion of the trial court whether to allow an amendment. Puckett, Taul & Underwood, Inc. v. Schreiber Corp., 551 So.2d 979 (Ala.1989). We find no abuse of the trial court’s discretion. The appellee’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.