This is a workmen's compensation case.[1]
Juanita Mullinax filed a complaint in October 1990, alleging that on July 20, 1990, she was injured in the course of her employment with Gold Kist, Inc. She alleged that as she was walking back to her work station, she slipped into an uncovered drain and injured her right leg. Gold Kist answered, admitting that Mullinax had suffered an accident on the job, but denying the nature and extent of the injury and the alleged disability.
Following ore tenus proceedings, the trial court entered an order finding, inter alia, that Mullinax had suffered a loss of ability to earn, and awarding her benefits for temporary total disability, temporary partial disability, and permanent partial disability. The trial court granted Gold Kist a credit for paid temporary total disability benefits; however, no credit was given for advance payments made by Gold Kist to Mullinax for permanent partial disability. The trial court denied Gold Kist's postjudgment motion; hence, this appeal.
The only issue on appeal is whether the trial court erred in not crediting, toward the amount determined by the court to be due and owing, advance permanent partial disability payments made by Gold Kist to Mullinax.
At trial, the parties stipulated that, prior to trial, Gold Kist had paid certain specified benefits to Mullinax for temporary total disability and for permanent partial disability, and that the only issue remaining for trial was a determination of the percentage of disability. The trial court acknowledged the parties' stipulations in its judgment and made additional findings regarding Mullinax's disability and her entitlement to benefits. It then ordered specific benefits, allowed Gold Kist credit for advance payments for temporary total disability, and denied Gold Kist a credit for the permanent partial disability payments to Mullinax.
On appeal, Gold Kist specifically argues that the trial court did not draw the correct legal conclusions from the findings of fact; i.e., that the trial court erred in ruling that no credit is allowed for advance payments of permanent partial disability when the final recovery is for a scheduled member.
Our review is a two-step process. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991). First, we must "look to see if there is any legal evidence to support the trial court's findings," and next, if such evidence is found, we must determine "whether any reasonable view of that evidence supports *Page 939 
the trial court's judgment." Eastwood at 93. Further, if one reasonable view of the evidence will support the trial court's judgment, we must affirm, "even if another, perhaps better reasoned view of the evidence might have dictated a different outcome." Ex parte Veazey, 637 So.2d 1348, 1349 (Ala. 1993). Legal conclusions, however, are not entitled to a presumption of correctness, and this court must determine whether the correct legal conclusions have been drawn from the trial court's findings. Eastwood, supra.
The trial court's denial of credit for Gold Kist's permanent partial disability advance payments is addressed in the trial court's order denying Gold Kist's post-judgment motion, which states that "the court considered [advance payments made by Gold Kist for permanent partial disability] as one for a scheduled member, . . . pursuant to section 25-5-57(a)(3)16,Code of Alabama. . . . For a scheduled member, a credit is not allowed." Additionally, the trial court rejected Gold Kist's contention that the sums previously paid were advance payments, pursuant to Ala. Code 1975, § 25-5-56, by stating that "no such payments were pleaded as required."
Our review of the Workmen's Compensation Act reveals nothing barring a credit for advance payments of permanent partial disability benefits. Although no section of the Act specifically provides for an employer to be given credit for permanent partial disability benefits paid prior to a trial court's judgment, the Act appears to favor the payment of benefits prior to litigation. In pertinent part, Ala. Code 1975, § 25-5-56, states,
 "All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments on account of the compensation. In order to encourage advance payments, it is expressly provided that such payments shall not be construed as an admission of liability but shall be without prejudice."
This court has interpreted § 25-5-56 as intended "to encourage the employer . . . to make advance payments to the disabled employee without waiting for a determination of the question of liability, the length of disability, or the extent of the injuries. . . . [I]f the employer were [sic] not insured the employer may take credit for voluntary advance payments against the amount of ultimate liability." March v. City of Huntsville,45 Ala. App. 480, 483, 232 So.2d 662, 664 (Civ.App. 1970)[2].
Although the trial court did not make a specific finding, it appears that its denial of credit for Gold Kist's advance payments was based upon Ala. Code 1975, § 25-5-57(a)(3)b., which provides that when a permanent partial disability for which compensation is based on the scheduled-member provisions "follows or accompanies a period of temporary total disability resulting from the same injury, the number of weeks of such temporary total disability shall not be deducted from the number of weeks payable for such permanent partial disability." This section addresses temporary total disability benefits and does not address advance payments of permanent partial
disability benefits. This section is inapplicable to this case, because at issue here is the allowance of a credit forpermanent partial disability benefits paid by Gold Kist.
The workmen's compensation laws are to be liberally construed in favor of the injured employee. To disallow credit for advance payment of permanent partial disability, as in this case, is contrary to the legislative intent of § 25-5-56, which encourages employers to make advance payments during the period between the accident and the determination of liability and the extent of the injury. This interpretation of § 25-5-56 favors the employee by encouraging employers to make payments to the injured employee while waiting, if necessary, for a court determination regarding liability and benefits due. The disallowance of credit for advance payments for permanent partial disability would, in all likelihood, discourage advance payments. Accordingly, we conclude that the trial court erred in disallowing a credit for permanent partial disability benefits paid to Mullinax by Gold Kist.
Another basis stated by the trial court for its denial of credit was that the *Page 940 
advance payments were not "pleaded as required." Ala. Code 1975, § 25-5-88, provides that workmen's compensation actions are governed by the same rules and statutes as other civil actions. Rule 8, A.R.Civ.P., which sets forth the general rules of pleading, provides that, as an affirmative defense, payment must be set forth affirmatively in the pleadings. See Gotliebv. Collat, 567 So.2d 1302 (Ala. 1990). Rule 15(b), A.R.Civ.P., which allows for pleadings to be automatically amended to conform to the evidence that was presented, provides for an exception to Rule 8(c). Mid-South Credit Collection v.McCleskey, 587 So.2d 1212 (Ala.Civ.App. 1991). The determination of whether an issue has been tried by express or implied consent, within the meaning of Rule 15(b), rests soundly within the trial court's discretion. InternationalRehabilitation Associates, Inc. v. Adams, 613 So.2d 1207
(Ala. 1992).
The parties stipulated to the advance payments made by Gold Kist to Mullinax, and the trial court incorporated this stipulation into its judgment. Although the advance payments were not pleaded as an affirmative defense by Gold Kist, evidence of the advance payments was presented without objection at trial, and Mullinax stipulated to the payments. See Blue Circle, Inc. v. Williams, 579 So.2d 630
(Ala.Civ.App. 1991). See also McClain v. Brewton Ins. Agency,528 So.2d 335 (Ala.Civ.App. 1988). Additionally, the trial court used that evidence in its judgment. Clearly, the affirmative defense was not waived by Gold Kist, and the trial court erred in holding that the payments were not pleaded as required.
Accordingly, the trial court's judgment is due to be reversed and the cause is remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
[1] The review of this case is governed by Ala. Code 1975, § 25-5-1
et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.
[2] The applicable statute in March was Ala. Code 1940, § 278, which was the predecessor to Ala. Code 1975, § 25-5-56. The statutes are virtually identical.