MONROE, Judge.
Muriel G. Francis (“petitioner”) and Samuel L. Francis (“Francis”) were divorced by the Marion Circuit Court on March 24, 1959. Francis, a world-renowned artist, died on November 4, 1994, in Los Angeles, California. On January 5, 1996, the petitioner filed a petition to set aside the final decree of divorce on the ground that neither she nor Francis had ever resided in Alabama. She argues that their divorce was one of the many so-called “quickie” divorces that were prevalent in Alabama in the 1950s. Because they never lived in Alabama, she argues that Alabama failed to meet the jurisdictional requirements necessary in order to divorce them. She also argues that Francis’s divorce complaint contained false allegations regarding residency, and that those false representations constituted fraud upon the court.
Margaret Smith Francis, the widow and surviving spouse of Francis, intervened as a respondent to the petition. Margaret Francis had been married to Francis since 1985 and they had one child together. She and the administrator of Francis’s estate, (collectively “respondents”), each filed motions to dismiss the petition. Attached to both motions were copies of the original complaint for divorce and the accompanying affidavits, which had been filed by Francis. Also attached to the respondents’ motions were copies of the acknowledgment of service, consent to jurisdiction, and answer, which had been signed by the petitioner, and a copy of the final decree of divorce entered by the court.
In ruling on the respondents’ motions to dismiss, the trial court entered an order containing the following language:
“[T]he Court having considered the Court file in this case and in the underlying-divorce action of plaintiff and Sam Francis, the written submissions of the parties in support of and in opposition to said motions, and the oral arguments of the parties through counsel at the hearing on March 8,1996;”
“IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said motions be hereby and the same are granted, with court costs taxed to the plaintiff.”
From this order, the petitioner appeals.
We must first address the threshold issue of whether the trial court abused its discretion by considering materials outside of the pleadings in ruling on the motions to dismiss. As the trial court explained in its above-quoted order, in reaching its determination, it considered the current court file, the court record of the divorce at issue, the written submissions of the parties, and their oral arguments. Although the trial court did not specify that it was entering a summary judgment, we will construe the order as such because the court did consider matters outside the pleadings in making its determination. As our supreme court has held, “where matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment as provided in Rule 12(c), Ala. R. Civ. P., regardless of its denomination and treatment by the trial court.” Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986).
*103 Because the trial court in effect entered a summary judgment in favor of the respondents, we must ensure that the nonmovant was not deprived of the procedural safeguards that must be provided in summary judgment proceedings. See Miller v. Bell Richardson, P.A., 638 So.2d 6 (Aa.Civ.App.1994). Thus, the nonmovant must have received adequate notice that the trial court intended to treat the motion as one for summary judgment, i.e., to consider matters outside the pleadings, and must have been provided a reasonable opportunity to present material in opposition. Id.
It is clear from the record that the parties in this ease were aware that substantial evidence outside the pleadings was before the trial court when it considered the motions. Indeed, the petitioner cited the case number of the divorce at issue in her own petition. In addition, the motions, to which were attached copies of the court record regarding the underlying divorce, were filed on January 30, 1996, and February 8, 1996. On February 9, 1996, the trial court ordered that the “potentially dispositive motions” would be heard on March 8, 1996, giving the petitioner well over the required 10 days to submit evidence in response to the motions and their accompanying exhibits. See Rule 56, Ala. R. Civ. P. The record reflects that the letter briefs, which were filed with the court after the hearing, were initiated by the petitioner herself. Because the petitioner was well aware that evidence outside the pleadings had been submitted to the court, and because the petitioner was provided a reasonable amount of time to present evidence in opposition, we conclude that the petitioner was not deprived of any of the procedural protections afforded to non-movants in summary judgment proceedings. Bell Richardson, supra.
Now that we have concluded that the trial court’s judgment is correctly construed as a summary judgment, we must determine whether the trial court erred in entering the summary judgment for the respondents. In order to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Aa.Code 1975, for actions filed after June 11,1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Aa.1989). To defeat a properly supported motion for summary judgment, the nonmov-ant must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The petitioner alleged in her petition that she was unaware that an Aabama court had divorced her from Francis. However, the record of this divorce proceeding includes an acknowledgment of service, an answer, and a consent to jurisdiction, all signed by the petitioner. Athough the petitioner herself provided the trial court with the case number of this divorce proceeding and both respondents attached these records to their motions, the petitioner never addressed the issue of her signature on this document that was filed with the court. At no time did the petitioner argue that she did not sign the paperwork, or that it was forged or otherwise fraudulent. We also note that, in addition to the direct, written evidence revealing the petitioner’s knowledge of the divorce proceeding, there also exists compelling circumstantial evidence indicating that she was aware of it. For instance, it appears that the intervenor, Margaret Francis, was the fifth wife of Francis, and that they had been married and had resided together since 1985. In addition, there is evidence that Francis was married at least one other time between his marriage to the petitioner and his marriage to Margaret Francis. Considering this evidence, it is inconceivable that the petitioner believed herself to be Francis’s wife.
Because the respondents presented substantial evidence showing that the petitioner knew of her divorce, the burden shifted to the petitioner to present substantial evidence to support her position. Since she failed to present any substantial evidence to prove *104 that she was unaware of her divorce, we hold that her knowledge of her divorce is an undisputed fact.
Whether the petitioner was aware of the divorce judgment is significant because she seeks to have that judgment set aside. Under Rule 60, Ala. R. Civ. P., a party may seek to have a judgment set aside or to be relieved from judgment by filing an independent action within three years after the entry of the judgment or within the additional time allowed by § 6-2-3 and § 6-2-8, Ala.Code 1975. Because the petitioner failed to present substantial evidence to support her allegation that she was unaware of her divorce until 1995, 36 years after the divorce judgment was entered, section 6-2-3, which tolls the running of the statutory limitations period in cases of fraud until such time as the fraud is discovered, does not apply in this instance. Thus, the trial court properly granted the respondents’ motions.
The petitioner also argues that the divorce judgment is void on its face, and that her effort to have the judgment set aside is not barred by the lapse of time alone. The Alabama Supreme Court has held that “the only ground that can be asserted to set aside a 44-year-old judgment is that the judgment is void on its face." Adams v. Farlow, 516 So.2d 528, 552 (Ala.1987), cert denied, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 705 (1988). However, in this case the divorce judgment is not void on its face. No evidence has been presented to prove that Francis was not a resident of Alabama. In addition, the judgment on its face shows that Alabama had jurisdiction to issue the divorce judgment.
Finally, we note that relief from a judgment on the basis of fraud is in essence an equitable remedy long existing in Alabama and now incorporated in Alabama’s Rules of Civil Procedure. See Committee Comments, Rule 60, Ala. R. Civ. P. The petitioner has not disputed the substantial evidence showing that she participated in the divorce proceedings, which she now alleges to be fraudulent. Thus, it appears that she was also guilty of any fraud committed on the court. We have long recognized the equitable maxims that “those who seek equity must do equity” and “one that comes into equity must come with clean hands.” See Levine v. Levine, 262 Ala. 491, 494, 80 So.2d 235 (1955). The petitioner was therefore due to be denied any equitable relief because of her own “unclean hands.” As the Alabama Supreme Court held in a very similar case:
‘We simply hold that this complainant because of her conduct, as reflected by the bill of complaint, has closed the doors of the equity court to herself and we in no way impinge on our well-settled rale that the Alabama courts have no jurisdiction over the marital status of the parties if neither was domiciled in Alabama.”
262 Ala. at 495, 80 So.2d at 238.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.