Albert O. Tounzen III and his wife Tara Tounzen filed this action against Southern United Fire Insurance Company on July 28, 1995. They sought to recover under the underinsured motorist portion of their automobile insurance policy issued by Southern United. They alleged that Mr. Tounzen had been injured in a single-vehicle accident while riding as a passenger in a motor vehicle driven by Corky McGuire. They further alleged that McGuire was responsible for Mr. Tounzen's injuries and that he was underinsured.
On November 16, 1995, Southern United answered the Tounzens' complaint. The complaint was amended on February 20, 1996, to correct the date of the accident. On September 25, 1996, the trial court entered a pretrial order providing, among other things, that the parties could file no further pleadings, amendments, or motions without leave of court.
The case was tried on October 7 and 8, 1996. At the close of the Tounzens' case, Southern United moved for a directed verdict, claiming that the Tounzens had settled with McGuire's insurance carrier without Southern United's consent and that their doing so precluded a recovery under the underinsured motorist provisions of the Southern United policy. On October 8, the trial court orally granted the motion, in open court. Also on October 8, the court entered a written order directing a verdict for Southern United. The court entered a judgment for Southern United based on the directed verdict. On October 24, 1996, the Tounzens moved to vacate the judgment and to grant them a new trial; the court denied the Tounzens' motion on November 22, 1996. The Tounzens appealed. The Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
On appeal, the Tounzens argue that the trial court erred in directing the verdict because Southern United failed to specifically plead the settlement and release of McGuire as an affirmative defense in its answer to the Tounzens' complaint. The relevant policy provision at issue states:
"SECTION C — UNINSURED MOTORISTS INSURANCE
 "I. COVERAGE D — UNINSURED MOTORISTS (Damages for Bodily Injury):
"Exclusions: This insurance does not apply:
 "(a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this insurance shall, without written consent of the company, make any settlement with any person or organization legally liable therefor."
It is undisputed that the Tounzens did not receive written consent from Southern United to settle with State Farm Insurance Company, McQuire's liability insurance carrier. The settlement between the Tounzens and State Farm, when asserted by Southern United as a defense to avoid payment under its own uninsured motorist policy, is an affirmative defense. Southern United admitted at trial that the defense had occurred to it only days before trial and that it gave notice of this defense to the Tounzens and the trial *Page 1150 
court shortly before trial. It is undisputed that Southern United amended its pleadings in open court during the trial.
Rule 8(c), Ala. R. Civ. P., provides:
 "Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting avoidance or affirmative defense."
(Emphasis added.)
Rule 8(c) provides that affirmative defenses "shall" be raised in a responsive pleading; generally, when a party has failed to plead an affirmative defense, it is deemed to have been waived by operation of Rule 8(c). Harrell v. Pet, Inc.,Bakery Div., 664 So.2d 204 (Ala.Civ.App. 1994). However, Rule 8(c) must be read in conjunction with Rule 15(b), Ala. R. Civ. P. Rule 15 provides for the automatic amendment of pleadings to allow the pleadings to conform to the evidence that has been presented at trial. Rule 15(b) is an exception to the rule that an affirmative defense is waived if it is not specifically pleaded. Mid-South Credit Collection v. McCleskey,587 So.2d 1212 (Ala.Civ.App. 1991).
Rule 15(b), Ala. R. Civ. P., provides in part:
 "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
(Emphasis supplied.)
Under Rule 15, amendments are to be freely allowed when justice requires. Thurman v. Thurman, 454 So.2d 995
(Ala.Civ.App. 1984). Even as late as the date of trial, the trial court has the authority to allow an amendment. Robinson v. Morse,352 So.2d 1355 (Ala. 1977). The typical Rule 15(b) case involves a situation in which a party, at trial and without objection from an opposing party, presents evidence that gives rise to an issue that was not pleaded. It has been consistently held that when issues that have not been raised in the pleadings are tried by the express or implied consent of the parties, those issues are treated in all respects as if they had been raised in the pleadings. Rule 15(b), Ala. R. Civ. P.; Hosea O. Weaver Sons, Inc. v. Towner, 663 So.2d 892 (Ala. 1995);McCollum v. Reeves, 521 So.2d 13 (Ala. 1987); Havard v. Havard,652 So.2d 304 (Ala.Civ.App. 1994).
It is within the discretion of the trial court to decide whether to grant an amendment pursuant to Rule 15, Ala. R. Civ. P. Miller v. Bell Richardson, P.A., 638 So.2d 6
(Ala.Civ.App. 1994). Only where the trial court abuses its discretion in allowing or denying a Rule 15 amendment will this court reverse. Havard v. Havard, supra.
 " '[I]f Rule 15 is to be of any benefit to the bench, bar, and the public, the trial judges must be given discretion to allow or refuse amendments. . . . We state also that Rule 15 must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.' "
Hayes v. Payne, 523 So.2d 333, 334 (Ala. 1987) (quoting Stead v.Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6,310 So.2d 469, 471 (1975)).
The Tounzens objected to the trial court's allowing Southern United's defense of release. Thus, the issue of release was not tried by the express or implied consent of the parties to this action. According to Rule 15, it is incumbent on the objecting party to show that the introduction of the evidence pertinent to issues not raised in the pleadings would in some way prejudice the objecting party's case. *Page 1151 
The Tounzens did show that they were prejudiced when the court, at trial, permitted Southern United to use release as an affirmative defense. As the Tounzens point out in their brief to this court, the failure of Southern United to raise the affirmative defense of release in its answer, or in any subsequent pleadings or motions, prevented them from having notice of Southern United's intent to use this defense. Southern United even admitted at trial that the defense had occurred to its attorneys only days before trial and that it had notified the court and the Tounzens of this affirmative defense only shortly before trial. The Tounzens objected to the trial court's allowing the affirmative defense of release; the record reflects that, upon receiving notice of the new affirmative defense shortly before trial, the Tounzens also requested a continuance so that they might conduct discovery on the issue. The Tounzens' attorney specifically asked that the trial court allow him to examine the Southern United file related to the Tounzens' claims. The trial court denied the Tounzens' request for a continuance and for further discovery, and the case went to trial.
The Tounzens had no notice of the defense raised by Southern United until immediately before the trial. Thus, they were denied the opportunity to conduct any discovery on the issue of release and therefore were denied the opportunity to make a meaningful rebuttal of Southern United's affirmative defense. We hold, therefore, that the Tounzens were unduly prejudiced by the lack of notice and the lack of opportunity for discovery by which they might have rebutted Southern United's affirmative defense of release.
The judgment is due to be reversed and the cause remanded. Because we must reverse on the basis discussed above, we will not examine the other issues raised in this appeal.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.