THOMAS, Judge.
The Town of Westover (“the Town”), appeals from the trial court’s judgment entered in a declaratory-judgment action filed by James Bynum and J & F Enterprises, LLC, d/b/a The 51 Country Store (“the Country Store”); Bynum is the sole member of the Country Store. We reverse and remand.
The parties submitted a joint stipulation of the relevant facts to the trial court. The Country Store is a retail business located in an unincorporated area of Shelby County; in other words, it is not within the corporate boundaries of any municipality. The Country Store is, however, located within the Town’s police jurisdiction.
Revenue Discovery Systems (“RDS”), working on behalf of the Town, conducted an audit of the Country Store. The audit revealed that the Country Store had never paid any sales taxes or business-license fees to the Town and that, pursuant to the Town’s ordinance no. 2005-10-04-061, which the Town had adopted pursuant to §§ 11-51-200 and -206, Ala.Code 1975, and the Town’s ordinance no. 2007-11-6-147, which the Town had adopted pursuant to § 11-51-91, Ala.Code 1975, the Country Store owed the Town $47,011.44 in sales taxes, business-license fees, interest, and penalties dating back to December 1, 2005.
*842 On January 20, 2010, Bynum and the Country Store filed a complaint against the Town seeking a declaratory judgment and injunctive relief regarding the Country Store’s alleged sales-tax and business-license-fee obligation. The Town answered the complaint on February 18, 2010.
On June 24, 2010, the parties filed a joint stipulation of facts. At the request of the trial court, the Town filed a trial brief on August 4, 2010, and Bynum and the Country Store responded on August 24, 2010.
Following a hearing on August 30, 2010, at which no evidence was taken, the trial court entered a final judgment on September 20, 2010, stating, in pertinent part:
“1. Based on the facts presented to the Court, this Court determines that there was no actual or constructive notice given to [Bynum and the Country Store] concerning [their] duty to collect sales tax within the [Town’s] Police Jurisdiction, prior to December 11, 2009. Therefore, prior to this date [Bynum and the Country Store are] absolved from any previously calculated tax liability due and payable to the [Town] through the [RDS].
“2. Subsequent to the date of notice, [Bynum and the Country Store] do[] owe sales tax pursuant to the [Town’s] Ordinance No. 2005-10-04-0601. Said tax shall be computed by [Bynum], based on sales from that date going forward and the tax due from December 11, 2009 through August 31, 2010 shall be paid to [Town] within ninety (90) days of the date of this Order.
“3. Going forward, [Bynum and the Country Store] shall be subject to the municipal ordinances of the [Town] ... concerning collection of sales tax and requirement of business license within its police jurisdiction, so long as [the Country Store] remains located therein and is not a part of any other incorporated municipality, or there is no other municipality, more closely located to [the Country Store], that collects sales tax and business license fees, within its police jurisdiction.”
The Town appealed.
The trial court in this case applied the law to undisputed, stipulated facts. Our review therefore is de novo.
“‘When reviewing a case in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the parties, this Court sits in judgment of the evidence; there is no presumption of correctness. Old Southern Life Ins. Co. v. Williams, 544 So.2d 941, 942 (Ala.1989); Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). When this Court must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court. State Dep’t of Revenue v. Garner, 812 So.2d 380, 382 (Ala.Civ.App.2001); see also Ex parte Graham, 702 So.2d 1215 (Ala.1997). In this case the trial court based its decision upon the stipulations, briefs, writings, and arguments of the parties’ attorneys. No testimony was presented. Therefore, we must sit in judgment of the evidence, and the trial court’s ruling carries no presumption of correctness.’ ”
American Res. Ins. Co. v. H & H Stephens Constr., Inc., 939 So.2d 868, 872-73 (Ala.2006) (quoting Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 516-17 (Ala.2003)).
In its judgment, the trial court concluded that “there was no actual or constructive notice given to [Bynum and the Country Store] concerning [their] duty *843 to collect sales tax ... prior to December 11, 2009.”[1] As a result, the trial court held that Bynum and the Country Store’s liability under the Town’s ordinances did not accrue until December 11, 2009. However, there is no evidence in the record to support the trial court’s conclusion that Bynum and the Country Store did not have notice of the Town’s ordinances until December 11, 2009. The parties filed a joint stipulation of facts, which made no mention of whether Bynum and the Country Store had notice of the Town’s ordinances. Further, the trial court received no evidence at trial. The only mention of whether Bynum and the Country Store had notice of the Town’s ordinances was in Bynum and the Country Store’s trial brief, in which they alleged that they had “never received notice from [the Town] regarding the Ordinance upon which it relies regarding the collection of Sales Tax and License within its Police Jurisdiction.” The statement in Bynum and the Country Store’s trial brief is an unsworn statement made by counsel, which is not considered evidence. Singley v. Bentley, 782 So.2d 799, 803 (Ala.Civ.App.2000) (citing American Nat’l Bank & Trust Co. v. Long, 281 Ala. 654, 207 So.2d 129 (1968)). Therefore, because there is no evidence to support the trial court’s finding that Bynum and the Country Store had not received notice of the Town’s ordinances before December 11, 2009, we reverse the trial court’s judgment insofar as it absolves Bynum and the Country Store from liability for sales taxes and business-license fees accruing before December 11, 2009, and we remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, with writing.

. Judge Moore, in his special writing, faults the majority for failing to address whether the ordinances were validly published and/or enacted. Judge Moore appears to believe that the trial court’s holding that Bynum and the Country Store did not have constructive notice of the ordinances, coupled with the Town's argument on appeal that Bynum and the Country Store did have constructive notice of the ordinances, sufficiently demonstrates that the issue of valid publication and/or enactment was raised and tried in the trial court. However, Bynum and the Country Store never raised the issue of valid publication and/or enactment below — Bynum and the Country Store presented neither an argument nor evidence concerning the issue to the trial court — and we will not address an issue raised for the first time on appeal. See George v. George, 14 So.3d 180, 183 (Ala.Civ.App.2009) (citing Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992)).