THOMAS, Judge.
The Town of Westover (“the Town”) appeals from a judgment determining that it is estopped from collecting sales taxes and business-license fees from James Bynum and J & F Enterprises, LLC, d/b/a The 51 Country Store (“the Country Store”). This is the second time the parties have appeared before this court. See Town of Westover v. Bynum, 68 So.3d 840 (Ala.Civ.App.2011). The facts underlying the dispute between the Town and Bynum and the Country Store are set out in that opinion:
“The parties submitted a joint stipulation of the relevant facts to the trial court. The Country Store is a retail business located in an unincorporated area of Shelby County; in other words, it is not within the corporate boundaries of any municipality. The Country Store is, however, located within the Town’s police jurisdiction.
“Revenue Discovery Systems (‘RDS’), working on behalf of the Town, conducted an audit of the Country Store. The audit revealed that the Country Store had never paid any sales taxes or business-license fees to the Town and that, pursuant to the Town’s ordinance no. 2005-10-04-061, which the Town had adopted pursuant to §§ 11-51-200 and -206, Ala.Code 1975, and the Town’s ordinance no. 2007-11-6-147, which the Town had adopted pursuant to § 11-51-91, Ala.Code 1975, the Country Store owed the Town $47,011.44 in sales taxes, business-license fees, interest, and penalties dating back to December 1, 2005.
“On January 20, 2010, Bynum and the Country Store filed a complaint against the Town seeking a declaratory judgment and injunctive relief regarding the Country Store’s alleged sales-tax and business-license-fee obligation. The Town answered the complaint on February 18, 2010.
“On June 24, 2010, the parties filed a joint stipulation of facts. At the request of the trial court, the Town filed a trial brief on August 4, 2010, and Bynum and the Country Store responded on August 24, 2010.
“Following a hearing on August 30, 2010, at which no evidence was taken, the trial court entered a final judgment on September 20, 2010, stating, in pertinent part:
“ ‘1. Based on the facts presented to the Court, this Court determines that there was no actual or constructive notice given to [Bynum and the Country Store] concerning [their] duty to collect sales tax within the [Town’s] Police Jurisdiction, prior to December 11, 2009. Therefore, prior to this date [Bynum and the Country Store are] absolved from any previously calculated tax liability due and payable to the [Town] through the [RDS].
“ ‘2. Subsequent to the date of notice, [Bynum and the Country Store] do[] owe sales tax pursuant to the [Town’s] Ordinance No. 2005-10-04-0601. Said tax shall be computed by [Bynum], based on sales from that date going forward and the tax due from December 11, 2009 through August 31, 2010 shall be paid to [Town] within ninety (90) days of the date of this Order.
“‘3. Going forward, [Bynum and the Country Store] shall be subject to the municipal ordinances of the *829 [Town] ... concerning collection of sales tax and requirement of business license within its police jurisdiction, so long as [the Country Store] remains located therein and is not a part of any other incorporated municipality, or there is no other municipality, more closely located to [the Country Store], that collects sales tax and business license fees, within its police jurisdiction.’
“The Town appealed.”
Bynum, 68 So.3d at 841-42.
In Bynum, the trial court’s judgment determining that the Town could not collect sales taxes or business-license fees under its ordinance no. 2005-10-04-061 (“the sales-tax ordinance”) and its ordinance no. 2007-11-6-147 (“the business-license ordinance”) that had accrued before December 11, 2009, was based on the trial court’s conclusion that Bynum and the Country Store lacked both constructive and actual notice of the ordinances. Id. at 842. Because the evidence in the record, which consisted of only stipulations of facts, did not support the conclusion that Bynum and the Country Store did not have at least constructive notice of the ordinances, we reversed the judgment in favor of Bynum and the Country Store. Id. at 843.
On remand, the trial court held a hearing at which Bynum, the sole member of the Country Store, testified. Based on his testimony and the stipulations of the parties, the trial court entered the following judgment:
“This cause is before the court for final evidentiary hearing pursuant to a remand from the Court of Civil Appeals. The gravamen of the remand is that ‘there is no evidence to support the trial court’s finding that Bynum and the Country Store had not received notice of the Town’s ordinances before December 11, 2009....’ [Town of Westover v. Bynum, 68 So.3d 840, 843] (Ala.Civ.App. February 11, 2011). While this fact was undisputed and had been agreed to by the parties before this court, that conclusion could only have been assumed from the record that was before the Court of Civil Appeals. Hence, the reversal and the need for this hearing to establish an appropriate record.
“At the outset of the hearing the parties stipulated to the following:
“1. Neither Bynum nor the ... Country Store had received actual notice of [the Town’s] tax claim prior to December 2009, when a tax auditor [employed by Revenue Discovery Systems (‘RDS’)] arrived at the store. “2. Prior mailings to [Bynum and the Country Store] had come only from RDS and went unopened as Bynum thought it to be junk mail.
“3. Neither [the Town] nor RDS, as its agent, ever attempted to make any direct contact with [Bynum and the Country Store] before December 2009.
“4. Prior to the [Town’s] incorporation, [Bynum and the Country Store] had ongoing fire and police protection, and the same services were provided after incorporation; i.e., [By-num and the Country Store] had neither improvement nor reduction in services as a consequence of the [Town’s] incorporation.
“5. The validity of the [Town’s] ordinance[s] [are] not at issue.
“6. [Bynum and the Country Store’s] real property was annexed into the City of Chelsea in October 2010.
“At the hearing ... Bynum testified that he would have collected the [sales] tax had he ever known that he was obligated to do so. There is no evidence *830 to the contrary. It is undisputed that the Town waited some four years before attempting to collect the [sales] tax or otherwise notify [Bynum and the Country Store] that they should have been collecting the [sales] tax. Consequently, the burden of the Town’s dilatory conduct now falls upon [Bynum and the Country Store], who can not turn back the clock to collect the [sales] tax at the time of sale.
“It is the Town’s contention that by operation of law the passage of the Town’s ordinance (the validity of which is uncontested) constitutes notice, and that ‘actual’ notice is not required. While the court recognizes this general legal principle, it finds that, based upon the specific facts and circumstances of this case, equity demands that [Bynum and the Country Store] not bear the burden of the Town’s failure to exercise due diligence. This conclusion is based upon the following undisputed facts: (1) the ... premises [of the Country Store were], at all times relevant hereto, located in unincorporated Shelby County; (2) [Bynum and the Country Store] received no additional or improved public services by being located within the Town’s police jurisdiction; (B) [Bynum and the Country Store] could have timely collected the [sales] tax at the point of sale, thereby incurring no personal liability for the tax; and (4) the Town waited some four years before making an effort to collect the [sales] tax. The court, therefore, finds that [Bynum and the Country Store] are unduly prejudiced by the Town’s needless delay, over which the Town had complete control. Accordingly, it is, ORDERED that the Town[ ] is estopped from collecting taxes, business licenses and other fees, interest and penalties assessed to [Bynum and the Country Store] prior to December 2009.
“Subsequent to December 2009, and prior to the annexation of [Bynum and the Country Store’s] property into the City of Chelsea in October 2010, amounts due and owing by [Bynum and the Country Store] to the Town ... totaled $9,020.10. At the time of trial [Bynum and the Country Store] had been paying $500.00 per month into their attorney’s trust account to be applied to [their] outstanding [sales] tax liability. The court is uncertain as to whether or not any of these funds have been forwarded to the Town.
“It is, therefore, ORDERED that judgment be, and it hereby is, entered in favor of the Town ... and against [By-num and the Country Store], jointly and severally, in the total amount of $9,020.10, less credit for any payments that may have been made prior to the entry of this Order.
“It is FURTHER ORDERED that the injunctive and other relief sought by [Bynum and the Country Store] has been rendered moot by this Order and by the annexation of [their] property into an adjoining municipality. Unless addressed hereinabove, all other relief requested by either party is, therefore, DENIED.
“There being no further issues pending before the court, this case is dismissed and the costs of court are taxed as paid.”
(Capitalization in original.)
The Town again appeals the judgment of the trial court. In its brief on appeal, the Town argues that the trial court improperly applied the doctrine of estoppel or the doctrine of laches to prevent the Town from enforcing its ordinances. Bynum and the Country Store did not favor this court with a brief.
*831 Based on our review of the record and of the trial court’s judgment, we conclude that the trial court applied the doctrine of laches to prevent the Town from enforcing its ordinances and collecting its sales taxes and business-license fees. We note that the complaint for a declaratory judgment filed by Bynum and the Country Store did not assert either estoppel or laches, both of which are affirmative defenses under Rule 8(c), Ala. R. Civ. P., as a defense to the Town’s right to collect the sales taxes and business-license fees. The original trial briefs filed by the parties likewise did not contain any references either to the defense of estoppel or to the defense of laches. Thus, those defenses were waived by the failure to assert them. See Rule 8(c); Tounzen v. Southern United Fire Ins. Co., 701 So.2d 1148, 1150 (Ala.Civ.App.1997) (“[Gjenerally, when a party has failed to plead an affirmative defense, it is deemed to have been waived by operation of Rule 8(c).”).
However, because “Rule 15[, Ala. R. Civ. P.,] provides for the automatic amendment of pleadings to allow the pleadings to conform to the evidence that has been presented at trial[,] Rule 15(b) is an exception to the rule that an affirmative defense is waived if it is not specifically pleaded.” Tounzen, 701 So.2d at 1150. Therefore, we must consider whether the defense of laches was tried by the consent of the parties under Rule 15(b), Ala. R. Civ. P. At the hearing on remand, the parties stipulated to the fact that, had Bynum been made aware of the applicability of the sales-tax ordinance, he would have paid the sales taxes due and would have passed on the sales taxes to his customers.[1] At the close of the hearing on remand, counsel for Bynum and the Country Store argued that the Town should be estopped from collecting the sales taxes and business-license fees because the Town had waited over four years after the sales-tax ordinance was passed to seek its enforcement against Bynum and the Country Store (and, although the parties do not address it separately, it appears that the Town waited at least three years to seek enforcement of the business-license ordinance); thus, counsel for Bynum and the Country Store specifically commented that to apply the ordinances to Bynum and the Country Store despite the Town’s delay in enforcing them would be unjust, inequitable, and unfair to them. Counsel for the Town did not object to this argument, which, while containing a reference to only the defense of estoppel, clearly indicated that the estoppel should be based on the passage of time between the enactment of the sales-tax ordinance and the attempt to enforce it. Thus, because Bynum and the Country Store raised the equitable doctrine of laches before the trial court without objection, we will consider the defense *832 to have been tried by the implied consent of the parties under Rule 15(b), Ala. R. Civ. P. See Rule 15(b), Committee Comments on 1973 Adoption (“Under the rule where evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings ‘shall’ be deemed amended to conform to such evidence.”); see also, e.g., Hosea O. Weaver & Sons, Inc. v. Towner, 663 So.2d 892, 896 (Ala.1995) (recognizing that Rule 15(b) allows an affirmative defense that was not raised in the pleadings to be revived under Rule 15(b) by introduction of evidence relating to the defense or introduction of the issue without objection by the other party); Tounzen, 701 So.2d at 1150 (explaining that an unraised affirmative defense can be tried by the implied consent of the parties under Rule 15(b) but determining that, in that case, the affirmative defense of release was not tried by the implied consent of the parties because the plaintiffs had objected to evidence concerning the defense).
As argued by the Town, the application of the doctrine of laches against a governmental entity engaged in a governmental function is disfavored. See City of Huntsville v. Stove House 5, Inc., 3 So.3d 186, 192 (Ala.2008). In Stove House 5, the City of Huntsville (“the city”) sued, among others, Stove House 5, Inc. (“Stove House”), seeking a judgment declaring that the city was not obligated to continue to provide city services (specifically, fire and police protection and sanitary-sewer services) to certain unincorporated land located within its corporate limits. Stove House 5, 3 So.3d at 188. Those areas of unincorporated land were referred to as “tax islands” because, although they were surrounded by land within the city’s corporate limits, they were not part of the city and were therefore not required to pay city taxes. Id. Stove House and the city each moved for a summary judgment. Id. at 189. In its motion, Stove House relied on, among other things, the doctrine of laches, arguing that the city had waited too long to seek to discontinue services and that the city’s “lengthy delay in filing the action ha[d] prejudiced” Stove House. Id.
Our supreme court rejected Stove House’s laches argument, stating:
“We also conclude that laches should not be applied against [the city] because the defense should not be applied against municipalities. In King v. Campbell, 988 So.2d 969 (Ala.2007), this Court quoted from Greenwood v. State ex rel. Bailes, 230 Ala. 405, 407, 161 So. 498, 499 (1935), as follows:
“ ‘ “Reduced to the last analysis, the defense sought to be interposed is in the nature of an estoppel. But this court in State ex rel. Lott v. Brewer, 64 Ala. 287, [298 (1879),] declared that estoppels against the state cannot be favored, and that though they may arise in some instances, yet, upon the broad ground of public policy, they cannot arise, certainly as to the exercise of governmental functions, ‘from the laches of its officers.’ ” ’
“This Court has applied this rule to the actions of municipal officials. See State v. City of Gadsden, 216 Ala. 243, 113 So. 6 (1927). We therefore reject Stove House’s defense of laches.”
Stove House 5, 3 So.3d at 192.
Based on Stove House 5, the Town’s delay in seeking to collect the sales taxes and business-license fees due under its sales-tax and business-license ordinances cannot serve as a basis for applying the defense of laches to bar the Town’s right to enforce its ordinances and collect the amounts due and owing. Id. The application of the doctrine of laches *833 against a municipality like the Town for failing to enforce its ordinances in a more timely manner has been expressly disapproved by our supreme court. Id. The failings of the Town’s municipal officers to act in a timely manner to collect the sales taxes and business-license fees due under the Town’s ordinances cannot prevent the Town’s enforcement of those ordinances. Id. Accordingly, we reverse the judgment of the trial court, and we remand the cause for the entry of a judgment in favor of the Town for the sales taxes, business-license fees, and applicable penalties and interest due under the sales-tax ordinance and the business-license ordinance.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. We note that in his testimony at the hearing on remand, Bynum did not specifically reference the business-license fees. In fact, during arguments before the trial court, the parties almost exclusively discussed the sales taxes and did not discuss the business-license fees. However, the parties’ stipulations of fact indicate that the Town sought to collect both sales taxes and business-license fees from Bynum and the Country Store under the respective ordinances and that the Town sought to recover both the sales taxes and the business-license fees for each year after the enactment of each ordinance. The trial court's judgment reflects the court’s holding that the Town's enforcement of both ordinances and the collection of the taxes or fees due thereunder was barred by the doctrine of laches. Thus, because the judgment does not award the Town any business-license fees before the date that the trial court concluded that By-num and the Country Store first became aware of the applicability of both the sales-tax ordinance and the business-license ordinance, we will address both the sales taxes and the business-license fees due under the ordinances.