# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF JEAN RUTH
ECHEVARRIA, A PROTECTED
PERSON.

MICHAEL A. ECHEVARRIA,
Appellant,
vs.
ROBERT L. ANSARA, GUARDIAN OF
THE ESTATE AND SUCCESSOR
TRUSTEE OF THE PROTECTED
PERSON'S LIVING TRUST,
Respondent.

No. 76253



FILED

MAY 1 3 2019

ELIZABET... ...OWN
CLERK OF SU... ...E COURT

BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a final judgment in a guardianship action.[1] Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

Appellant argues that the district court erred in approving the final accounting and ordering payments to creditors in a specific order. We disagree. As the adult ward had died, the guardian is required to wind up the guardianship and pay creditors according to the statutory priority discussed in NRS 147.195. NRS 159.193; NRS 159.195. While appellant contends that the district court erred in concluding that the tax debt needed to be paid before appellant's judgment, NRS 147.195 requires "[d]ebts having preference by laws of the United States" to be paid before judgments.

---

[1]We conclude that a response to the informal brief is not necessary. NRAP 46A(c). Pursuant to NRAP 34(f)(3), this appeal has been decided on the pro se brief and the record.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-21319

Appellant's argument that there was no valid proof of the tax debt is belied by the record. Further, while NRS 147.195 supplies the priority for payment to creditors upon the winding up of a guardianship under NRS 159.195, NRS 147.070 only applies to wills and estates of a deceased person, not the winding up of a guardianship. Lastly, the district court did not err in failing to apply the equitable doctrine of laches against the tax debt. *See, e.g., Embassy Real Estate Holdings, LLC v. Dist. of Columbia Mayor's Agent for Historic Pres.*, 944 A.2d 1036, 1049 (D.C. Ct. App. 2008) ("The equitable doctrines of laches and estoppel are to be narrowly applied against the government."); *Town of Westover v. Bynum*, 103 So. 3d 827, 832 (Ala. Civ. App. 2012) (providing that "the application of the doctrine of laches against a government entity engaged in a governmental function is disfavored"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. William S. Potter, District Judge, Family Court Division
Michael A. Echevarria
Tyrell Law, PLLC
Eighth District Court Clerk

---

[2]To the extent appellant's arguments are not addressed herein, we conclude they do not warrant reversal.